[Crim. No. 45175. Second Dist., Div. Seven. Oct. 5, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WAYNE TIPTON, Defendant and Appellant.

**COUNSEL**

Tibor I. Toczauer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Donald E. De Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—The sole issue in this appeal is whether the bifurcated trial required by *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644 [174 Cal.Rptr. 191], survived the enactment of "The Victims' Bill of Rights" commonly referred to as Proposition 8. We hold the requirement of a bifurcated trial was not affected by Proposition 8 and the denial of defendant's request for bifurcation was prejudicial error.

FACTS AND PROCEEDINGS BELOW

Defendant David Tipton was charged by information with burglary. It was further alleged, for purposes of enhancement, he had suffered a prior

felony conviction for robbery. Mr. Tipton pled not guilty and denied the prior conviction.

Before trial, defense counsel moved for a separate trial on the allegation of a prior felony conviction under the authority of *Bracamonte.* Relying on Proposition 8, the trial court denied the motion. As a result of this ruling Mr. Tipton admitted the prior conviction. The burglary charge was tried before a jury and Mr. Tipton was found guilty. The trial court imposed the midterm sentence plus a five-year enhancement for the prior robbery conviction.

## DISCUSSION

A. *Methods of Proof Are Not Limitations on the Use of Prior Felony Convictions for Purposes of Sentencing Enhancements.*

In *Bracamonte* the court declared, as a rule of criminal practice, that whenever ". . . a defendant pleads not guilty of priors and a jury trial thereof is not waived, he is entitled to a bifurcated proceeding wherein the jury is not informed of his prior convictions, either through allegations in the charge or by the introduction of evidence, until it has found the defendant guilty." (119 Cal.App.3d at p. 654.)

Proposition 8 amended the California Constitution by adding section 28, subdivision (f) to article I. The relevant portion of subdivision (f) provides, "Any prior felony conviction of any person in any criminal proceeding . . . shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding."

We find no conflict between *Bracamonte* and the quoted portion of section 28, subdivision (f). *Bracamonte* has no effect on the *use* of a prior felony conviction; it only addresses the procedure for determining if there is any prior felony conviction that can be used.

Our conclusion is supported not only by the language of section 28 but by the intent behind it as indicated in the ballot pamphlet explaining Proposition 8. The intent of the provision at issue here, according to the Legislative Analyst, was to assure "[A]ny prior felony conviction could be *used without limitation in calculating longer prison terms.*" (Legislative Analyst's Analysis, Ballot Pamp., Proposed Amend. to Cal. Const., Primary Elec. (June 8, 1982) p. 55, italics added.) (Cf. *People* v. *Harvey* (1979) 25 Cal.3d 754, 761 [159 Cal.Rptr. 696, 602 P.2d 396], which limited enhancements under Pen. Code, § 1170.1 to offenses listed in Pen. Code, § 667.5

subd. (c).) It appears to us section 28 subdivision (f) was aimed at *Harvey,* not *Bracamonte.* Nowhere in the ballot pamphlet can we find an allusion to *Bracamonte* or any expression of concern about the bifurcated trial.

From the foregoing we conclude the bifurcated trial required by *Bracamonte* imposes no limitation on the *use* of prior felony convictions and, therefore, is not prohibited by Section 28 subdivision (f).

B. *The Purpose Served by the Bifurcated Trial Remains After the Enactment of Proposition 8.*

Respondent argues the bifurcated trial serves no useful purpose after Proposition 8 and, therefore, should no longer be required. The *Bracamonte* court was concerned about the prejudicial effect evidence of the defendant's prior convictions may have on the jury trying the current charges against him. (119 Cal.App.3d at pp. 650-651.) The court reasoned a bifurcated trial was necessary to avoid prejudicing the jury with evidence that would otherwise be inadmissible under *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]. (*Id.,* at pp. 649-650.) Respondent contends *Beagle* is overruled by section 28, subdivision (f).[1] Therefore, respondent argues, a bifurcated trial is unnecessary because the trier of fact will receive evidence of the prior conviction anyway.

Even if we accept respondent's premise,[2] we cannot accept its conclusion Proposition 8 swept away all concern over whether defendants are afforded fair trials. In the first place, this argument contains the same flaw as the "used without limitation" argument, *ante,* pages 855-856. It assumes a valid prior felony conviction has been established when in fact that is the very issue raised by the defendant's denial. Furthermore, it does not follow that if *Beagle* has been overruled any prior felony conviction is admissible in defendants' trial. For example, if defendant does not testify, a prior felony conviction obviously is not admissible for impeachment under section 28 subdivision (f). Moreover, Proposition 8 did not repeal the rule evidence must be relevant to be admissible. (See Cal. Const. art. I, § 28, subd. (d).) Thus, the bifurcated trial continues to serve an important role in assuring the accused a fair trial.

C. *The Trial Court's Error Was Prejudicial.*

Failure to grant Mr. Tipton's request for a bifurcated trial was prejudicial error. The only relevance of the alleged prior felony conviction related to

---

[1]Section 28, subdivision (f) allows "any prior felony conviction" to be used "without limitation for purposes of impeachment . . . ."

[2]The California Supreme Court has yet to determine the effect of Proposition 8 on its ruling in *Beagle.*

sentence enhancement. Thus, the defendant was required to choose between admitting the prior conviction and losing his opportunity to contest its existence and validity or denying the prior conviction and subjecting himself to the prejudicial effect of evidence that would otherwise have not been admissible. This is precisely the situation condemned in *Bracamonte*. (See 119 Cal.App.3d at p. 653.)

## DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated and the matter is remanded to the trial court for a jury trial on the issue of the prior conviction and for resentencing if necessary.

Thompson, J., concurred.

Lillie, P. J., concurred in the judgment.

Respondent's petition for a hearing by the Supreme Court was denied January 3, 1985. Lucas, J., was of the opinion that the petition should be granted.