[No. S030127. Dec. 22, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY JUAN CALDERON, Defendant and Appellant.

70

**COUNSEL**

Thomas M. Bohl, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Tricia Ann Bigelow and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

GEORGE, J.—"Numerous California penal statutes allow increased punishment to be imposed upon a defendant if the prosecution alleges and

proves that the defendant has suffered one or more prior convictions." (*People* v. *Saunders* (1993) 5 Cal.4th 580, 585 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) In *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644, 655 [174 Cal.Rptr. 191] (*Bracamonte*), the Court of Appeal stated, as a " 'judicially declared rule[] of practice,' " that a defendant is entitled to have the determination of the truth of such an allegation bifurcated from the jury's determination of the defendant's guilt of the currently charged offense.

In the present case we address, for the first time, the validity of the rule announced in *Bracamonte*. (See *People* v. *Saunders*, *supra*, 5 Cal.4th 580, 588, fn. 4.) For the reasons that follow, we conclude that a trial court has the discretion, in a jury trial, to bifurcate the determination of the truth of an alleged prior conviction from the determination of the defendant's guilt of the charged offense, but is not required to do so if the defendant will not be unduly prejudiced by having the truth of the alleged prior conviction determined in a unitary trial.

### Factual and Procedural History

Defendant Tony Juan Calderon was charged with second degree burglary. (Pen. Code, §§ 459, 460, subd. (b).)[1] The information further alleged that defendant had suffered a prior conviction for attempted robbery (§§ 664/ 211) and had served a prior prison term for that offense within the meaning of section 667.5, subdivision (b).

Prior to trial, defendant moved to have the trial court bifurcate, from the jury's determination of defendant's guilt of the currently charged offense, the determination of the truth of the allegation that he had suffered a prior conviction and served a resulting prison term. In support of his motion, defendant cited the decision in *Bracamonte*, *supra*, 119 Cal.App.3d 644, but in denying the motion, the court relied instead upon the then very recently filed opinion of the Court of Appeal in *People* v. *Saunders*, which concluded that *Bracamonte* had been wrongly decided. (Shortly thereafter, we granted review in *People* v. *Saunders*, ultimately resolving that matter without deciding the validity of *Bracamonte*. [*People* v. *Saunders*, *supra*, 5 Cal.4th 580, 588, fn. 4.]) Following appropriate advisements and waivers of rights, defendant admitted the foregoing allegation.

The evidence admitted during the subsequent jury trial included the following. At approximately 1:30 a.m. on August 19, 1991, defendant entered a convenience store in the City of Industry, selected two cases of beer, and walked toward the exit. The cashier, Roland Tannenhill, asked

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

defendant where he was going and told him he would have to pay for the beer. Defendant replied, "nope," and walked out the door.

As defendant left the store, two uniformed deputy sheriffs drove into the parking lot in a marked, black and white vehicle. Defendant looked in the direction of the deputy sheriffs and immediately turned around and reentered the store. Deputy Sheriffs Alan Bennett and Darryl Stone entered the store, spoke with the cashier, and approached defendant, who was returning the beer to the cooler. The deputy sheriffs arrested defendant and searched him, finding that he had no money in his possession.

After the prosecution rested its case, the trial court ruled that if defendant testified, he could be impeached with evidence that he had been convicted of a "theft-related felony."

Defendant and his friend, Sandra Jaso, testified that on the night in question they went to the convenience store to use the telephone and a group of juveniles approached defendant, asking him to purchase beer for them. Defendant agreed, entered the store with one of the juveniles, took two cases of beer from the cooler, and approached the cash register. The deputy sheriffs then arrived, and the juvenile left the store without giving defendant money to purchase the beer. Defendant returned the beer to the cooler and was arrested without having left the store. Defendant admitted having been convicted recently of "a theft-related felony."

Defendant was found guilty as charged and was sentenced to a term of four years in prison, consisting of the upper term of three years for burglary plus a one-year enhancement for having served a prior prison term. The Court of Appeal affirmed the conviction.

## DISCUSSION

As we observed recently in *People* v. *Saunders, supra,* 5 Cal.4th 580, 587, "[t]he procedure established by the Legislature for the proof of allegations of prior convictions has not been altered substantially for nearly a century." Section 1025, enacted originally in 1874 (see *People* v. *Saunders, supra,* 5 Cal.4th 580, 587, fn. 2), provides that, when a defendant pleads not guilty and denies having suffered an alleged prior conviction, "the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty . . . . In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

"At the time section 1025 was enacted, a defendant who was alleged to have suffered a prior conviction had two choices: admit the alleged prior conviction, or have the truth of the allegation determined concurrently— during the trial of the current charges—by the jury entrusted with deciding the defendant's guilt or innocence of those charges. On numerous occasions, this procedure was upheld against challenges by defendants. [Citations.]" (*People* v. *Saunders, supra,* 5 Cal.4th 580, 588.)

This was the state of the law until 1981, when the Court of Appeal in *Bracamonte, supra,* 119 Cal.App.3d 644, adopted a rule providing that a defendant who denies an alleged prior conviction "is entitled to a bifurcated proceeding wherein the jury is not informed of his prior convictions, either through allegations in the charge or by the introduction of evidence, until it has found the defendant guilty." (*Id.* at p. 654.) The court in *Bracamonte* observed that bifurcating the determination of the truth of a prior conviction allegation from the issue of guilt would not violate section 1025 because, although "section 1025 does state that 'the question whether or not [the defendant] *has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty*' (italics added), it does not state nor imply that the jury should try both issues simultaneously." (119 Cal.App.3d at p. 652, italics in original.)

The court in *Bracamonte* was correct in concluding that section 1025 does not require that the truth of a prior conviction allegation be determined by the jury at the same time it decides whether the defendant is guilty of the charged offense. Nothing in the language of section 1025 prohibits a trial court from bifurcating the determination of the truth of a prior conviction allegation from the determination of the defendant's guilt or innocence of the charged offense. This conclusion is consistent with our holding in *People* v. *Morton* (1953) 41 Cal.2d 536, 543 [261 P.2d 523], that, when the determination of the truth of a prior conviction allegation is reversed on appeal, the case may be remanded solely for a redetermination of the truth of that allegation, because "the issue of guilt of the primary offenses . . . and the proof of prior convictions are clearly severable. [Citations.]" (Cf. *People* v. *Valentine* (1986) 42 Cal.3d 170, 179-180, fn. 3 [228 Cal.Rptr. 25, 720 P.2d 913] [The determination of the ex-felon status of a defendant charged with being an ex-felon in possession of a concealable firearm is not clearly severable, because it is "directly related to the substantive issue of guilt."].)

Although section 1025 does not prohibit a trial court from bifurcating the jury's determination of the truth of a prior conviction allegation from the remainder of the trial, it also does not expressly authorize such bifurcation. General authority to bifurcate trial issues may be found, however, in section

1044, which vests the trial court with broad discretion to control the conduct of a criminal trial: "It shall be the duty of the judge to control all proceedings during the trial . . . with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." (See *People* v. *Cox* (1991) 53 Cal.3d 618, 700 [280 Cal.Rptr. 692, 809 P.2d 351].) ▮ "The object of a trial is to ascertain the facts and apply thereto the appropriate rules of law, in order that justice within the law shall be truly administered. It is not only the right but the duty of a trial judge to so supervise and regulate the course of a trial that the truth shall be revealed in so far as it may be, within the established rules of evidence." (*People* v. *Mendez* (1924) 193 Cal. 39, 46 [223 P. 65].)

▮ Having a jury determine the truth of a prior conviction allegation at the same time it determines the defendant's guilt of the charged offense often poses a grave risk of prejudice. As this court has recognized: "Evidence that involves crimes other than those for which a defendant is being tried is admitted only with caution, as there is the serious danger that the jury will conclude that defendant has a criminal disposition and thus probably committed the presently charged offense. [Citations.]" (*People* v. *Thompson* (1988) 45 Cal.3d 86, 109 [246 Cal.Rptr. 245, 753 P.2d 37].)

It is clear, therefore, that a trial court, through the exercise of its general powers under section 1044, *may* order that the determination of the truth of a prior conviction allegation be determined in a separate proceeding before the same jury, after the jury has returned a verdict of guilty of the charged offense. The more difficult question is under what circumstances, if any, *must* a trial court bifurcate the trial in this manner?

The United States Supreme Court ruled in *Spencer* v. *Texas* (1967) 385 U.S. 554, 567-569 [17 L.Ed.2d 606, 616-617, 87 S.Ct. 648], that a defendant is not denied due process of law where the jury determines both the guilt of the defendant and the truth of a prior conviction allegation in a unitary trial. The high court carefully explained, however, that its holding meant only that such a unitary trial does not deprive the defendant of "the fundamental elements of fairness in a criminal trial" (*id.* at pp. 563-564 [17 L.Ed.2d at p. 614])—not that a unitary trial is desirable. To the contrary, the court stated that, "were the matter before us in a legislative or rule-making context," it "might well agree" with the suggestion of some commentators and courts that a "two-stage jury trial . . . is probably the fairest . . . ." (*Id.* at pp. 567-568 [17 L.Ed.2d at p. 616].)

In fact, the value of bifurcating the determination of the truth of a prior conviction allegation from the determination of guilt of the charged offense

has been widely recognized. The American Bar Association's Standards for Criminal Justice state: "When the defendant's prior convictions are admissible solely for the purpose of determining the sentence to be imposed, the jury should not be informed of them, either through allegations in the charge or by the introduction of evidence, until it has found the defendant guilty." (3 ABA Standards for Criminal Justice, std. 15-3.4 (2d ed. 1980) p. 15.90.) The commentary that follows explains the basis for this standard: "(1) Notwithstanding the cautionary instruction of a trial judge, there is a significant risk that the prior convictions may be considered by the jury in deciding the question of guilt or innocence of the crime currently charged. (2) A variety of other procedures are feasible which do not carry this risk and which, at most, involve a minor inconvenience in postponing a determination that the defendant falls within a recidivist category until after the jury has found the defendant guilty." (*Id.* at p. 15.91.) Elsewhere, the Standards for Criminal Justice describe the practice of proving, in a unitary trial, both the truth of a prior conviction allegation and the defendant's guilt as "[p]robably the most objectionable feature of the traditional recidivist sentencing procedure," labeling it "[u]nquestionably prejudicial." (Commentary to 3 ABA Standards for Criminal Justice, std. 18-6.5, *supra*, p. 18.470.)

Several states that formerly utilized a unitary jury trial to determine both the guilt of the defendant and the truth of a prior conviction alleged for purposes of sentence enhancement have abandoned this practice. (See e.g., *Brumfield* v. *State* (Tex. 1969) 445 S.W.2d 732, 737-739; *Block* v. *State* (1968) 41 Wis.2d 205 [163 N.W.2d 196, 199-200].) At least half the states, as well as the federal government and the District of Columbia, avoid this issue by having the court, rather than a jury, determine the truth of alleged prior convictions.[2] This is the approach recommended by the Model Penal Code. (Model Pen. Code & Commentaries, com. 3 to § 6.02, p. 48.) Of those

---

[2]See, e.g., Alabama Code section 13A-5-10, subdivision (a) (1993); Alaska Statutes section 12.55.145, subdivision (d) (1993); Arkansas Code Annotated section 5-4-502 (Michie 1993); Delaware Code Annotated title 11, section 4215, subdivision (a) (1993); District of Columbia Code Annotated section 23-111, subdivision (c)(1) (1993); Florida Statutes Annotated section 775.084, subdivision (3) (West 1993); *State* v. *Huelsman* (1978) 60 Hawaii 71, 77 [588 P.2d 394, 398]; Illinois Annotated Statutes chapter 720, paragraph 33B-2, subdivision (a) (Smith-Hurd 1994); Kansas Statutes Annotated section 21-4504, subdivision (f) (1992); Louisiana Revised Statutes Annotated section 15:529.1, subdivision (D) (West 1992); Maryland Rules, rule 4-245; Minnesota Statutes Annotated section 244.10 (West 1993); Mississippi Uniform Rules of Circuit Court Practice, rule 6.04; Montana Code Annotated section 46-13-108, subdivision (4) (1993); Nebraska Revised Statutes section 29-2221, subdivision (2) (1993); Nevada Revised Statutes section 207.010 (1993); *State* v. *Gosselin* (1977) 117 N.H. 115, 121 [370 A.2d 264, 269]; New Jersey Statutes Annotated section 2C:44-3 (West 1993); New Mexico Statutes Annotated section 31-18-20, subdivision (C) (Michie 1993); New York Criminal Procedure Law section 400.20, subdivision (9) (McKinney 1994); North Dakota Century Code section 12.1-32-09 (1993); Oregon Revised Statutes section 161.735, subdivision (6) (1993); 42 Pennsylvania Consolidated Statutes Annotated section 9714, subdivision (c) (Purdon 1993); Rhode Island General Laws section 12-19-21 (1993); *Block* v. *State, supra,* 41 Wis.2d 205 [163 N.W.2d 196, 199-200].

states, like California, that allow the jury to determine the truth of prior convictions alleged for purposes of sentence enhancement, at least 16 provide by statute for bifurcation of the proceedings relating to the truth of the alleged prior conviction.[3]

The state's interest in judicial economy is the sole justification advanced by the People for conducting a unitary trial in cases where evidence of the defendant's prior conviction is admissible solely for the purpose of sentence enhancement. Although the state has a legitimate interest in conserving limited judicial resources, it would appear that conducting a unitary trial rather than a bifurcated one under the above described circumstances would save little, if any, time. As the People note in their brief before this court: "In the vast majority of cases, priors are either admitted (requiring no proof) or are proved in uncontested hearings by certified copies of court and prison records. Even when testimony is presented, the process is generally completed quickly." Furthermore, although some time would be spent in the second phase of a bifurcated proceeding introducing evidence to prove a prior conviction allegation, in argument by counsel, and in instructions to the jury, a nearly equivalent amount of time would be saved during the preceding guilt phase of the trial. And if the defendant was not convicted, the necessity of proving the prior conviction allegation would be obviated entirely. (*Bracamonte, supra*, 119 Cal.App.3d 644, 653.) Accordingly, the state's legitimate interest in conserving judicial resources is insufficient to justify denying a defendant's request to bifurcate the trial when having the jury determine the truth of a prior conviction allegation concurrently with the defendant's guilt of the currently charged offense would pose a substantial risk of undue prejudice to the defendant.

We conclude, therefore, that the denial of a defendant's timely request to bifurcate the determination of the truth of a prior conviction allegation from

---

[3]Colorado Revised Statutes section 16-13-103 (1993); Indiana Code Annotated section 35-38-1-2 (1994); Iowa Code Annotated section 813.2, rule 18, subdivision (9) (West 1993); Kentucky Revised Statutes Annotated section 532.080 (Michie/Bobbs-Merrill 1994); Maine Revised Statutes Annotated title 15, section 757, subdivision (2) (West 1993); Massachusetts General Laws Annotated chapter 278, section 11A (West 1994); Michigan Compiled Laws Annotated section 769.13 (West 1993); North Carolina General Statutes section 14-7.5 (1993); Ohio Revised Code Annotated section 2941.142 (Anderson 1992) (the defendant may request that the trial court at the sentencing hearing determine the truth of the allegation); Oklahoma Statutes Annotated title 22, section 860 (West 1993); South Dakota Codified Laws Annotated sections 22-7-12, 23A-7-7 (1994); Tennessee Code Annotated section 40-35-203, subdivision (e) (1994); Texas Code of Criminal Procedure Annotated articles 36.01, 37.07 (West 1993); Virginia Annotated Code section 19.2-295.1 (Michie 1994); West Virginia Code section 61-11-19 (1994); Wyoming Statutes section 6-10-203 (1994).

the determination of the defendant's guilt is an abuse of discretion where admitting, for purposes of sentence enhancement, evidence of an alleged prior conviction during the trial of the currently charged offense would pose a substantial risk of undue prejudice to the defendant.

Contrary to the holding of the Court of Appeal in *Bracamonte*, however, bifurcation is *not* required *in every instance*. In some cases, a trial court properly may determine, prior to trial, that a unitary trial of the defendant's guilt or innocence of the charged offense and of the truth of a prior conviction allegation will not unduly prejudice the defendant. Perhaps the most common situation in which bifurcation of the determination of the truth of a prior conviction allegation is *not* required arises when, even if bifurcation were ordered, the jury still would learn of the existence of the prior conviction before returning a verdict of guilty. For example, when the existence of the defendant's prior offense otherwise is admissible to prove the defendant committed the charged offense—because the earlier violation is an element of the current offense (see, e.g., § 12021; *People* v. *Valentine*, *supra*, 42 Cal.3d 170, 179, fn. 3)[4] or is relevant to prove matters such as the defendant's identity, intent, or plan (see, e.g., *People* v. *Ewoldt* (1994) 7 Cal.4th 380 [27 Cal.Rptr.2d 646, 867 P.2d 757]; *People* v. *Balcom* (1994) 7 Cal.4th 414 [27 Cal.Rptr.2d 666, 867 P.2d 777])—admission of the prior conviction to prove, as well, the sentence enhancement allegation would not unduly prejudice the defendant. Similarly, when it is clear prior to trial that the defendant will testify and be impeached with evidence of the prior conviction (see *People* v. *Castro* (1985) 38 Cal.3d 301 16 [211 Cal.Rptr. 719, 696 P.2d 111]), denial of a request for a bifurcated trial generally would not expose the jury to any additional prejudicial evidence concerning the defendant.[5] Under such circumstances, a trial court would not abuse its discretion in denying a defendant's motion for bifurcation. Indeed, the American Bar Association Standards for Criminal Justice, cited above, comport with our view in this regard. Standard 15-3.4, which would preclude a jury from being informed of the defendant's alleged prior convictions "until it has found the defendant guilty," applies only "[w]hen the defendant's prior convictions are admissible *solely* for the purpose of determining the sentence

---

[4]If a defendant charged with being an ex-felon in possession of a firearm stipulates to being an ex-felon, the nature of the prior conviction will be withheld from the jury. (*People* v. *Valentine, supra,* 42 Cal.3d 170, 173.) Whether advising the jury that the defendant had been convicted of a felony, without disclosing the nature of that felony, would render nonprejudicial the admission of evidence of that prior conviction for the purpose of sentence enhancement, so as to justify a unitary trial, will depend upon the circumstances of the particular case.

[5]As we explain in footnote 6, *post,* whether a sanitized reference to a defendant's prior conviction, for the purpose of impeachment, would render nonprejudicial the admission of evidence of that prior conviction for the purpose of sentence enhancement so as to justify a unitary trial will depend upon the circumstances of the particular case.

to be imposed." (3 ABA Standards for Criminal Justice, std. 15-3.4, *supra*, p. 15.90, italics added.)

■ In ruling upon a defendant's timely request for bifurcation, the trial court first should consider the potential prejudicial effect of admission of evidence that the defendant has suffered the alleged prior conviction. As noted above, this court long has "recognized the substantial prejudicial effect inherent in evidence of prior offenses [citation] . . . ." (*People* v. *Sam* (1969) 71 Cal.2d 194, 206 [77 Cal.Rptr. 804, 454 P.2d 700].) The potential for prejudice will vary, however, depending upon the circumstances of each case. Factors that affect the potential for prejudice include, but are not limited to, the degree to which the prior offense is similar to the charged offense (see *People* v. *Collins* (1986) 42 Cal.3d 378, 391 [228 Cal.Rptr. 899, 722 P.2d 173] [discussing the use of prior convictions for impeachment]; *People* v. *Beagle* (1972) 6 Cal.3d 441, 453 [99 Cal.Rptr. 313, 492 P.2d 1]), how recently the prior conviction occurred, and the relative seriousness or inflammatory nature of the prior conviction as compared with the charged offense (see *People* v. *Marquez* (1992) 1 Cal.4th 553, 573 [3 Cal.Rptr.2d 710, 822 P.2d 418]; *People* v. *Sully* (1991) 53 Cal.3d 1195, 1222 [283 Cal.Rptr. 144, 812 P.2d 163] [discussing prejudice from joinder of charges]).

If it appears likely that admission of evidence of the prior conviction would unduly prejudice the defendant, the court should consider whether this potential for prejudice will be lessened for some reason, such as because evidence that the defendant has committed one or more uncharged criminal offenses will be admitted for purposes other than sentence enhancement. The determination whether the risk of undue prejudice to the defendant requires that the trial be bifurcated rests within the sound discretion of the trial court, and that determination will be reversed on appeal only if the trial court abuses its discretion. We observe, however, that the risk of undue prejudice posed by the admission of evidence of a prior conviction, considered against the minimal inconvenience generally caused by bifurcating the trial, frequently will militate in favor of granting a defendant's timely request for bifurcation.

We further observe that, in appropriate cases, the court may wish to grant conditionally a defendant's motion for bifurcation, and reconsider that ruling at the close of the prosecution's case-in-chief, and again at the close of the defense case, in light of subsequent developments in the proceedings.

■ Unlike the Court of Appeal in *Bracamonte*, we decline to declare a judicially created rule of procedure that would require bifurcation of the determination of the truth of a prior conviction allegation in *all* trials,

regardless of the circumstances of the particular case. We disapprove the holding in *Bracamonte, supra,* 119 Cal.App.3d 644, to the extent it conflicts with our opinion in the present case.

In the case before us, the trial court denied defendant's motion to bifurcate the determination of the truth of the prior conviction allegation, without considering the particular circumstances of the case before the court. This was error.

The question of prejudice remains. With respect to defendant's conviction of the currently charged offense (burglary), it is clear that the error was not prejudicial. As noted, after the trial court denied defendant's motion to bifurcate the trial, defendant admitted the prior conviction allegation outside the presence of the jury, and no evidence relating to the prior conviction or the resulting prison term was admitted for the purpose of sentence enhancement. Thus, the jury's guilty verdict on the burglary charge was not affected by the court's error in ruling upon the bifurcation motion without considering the circumstances of the particular case.

The trial court's error may have been prejudicial, however, with regard to the determination of the sentence enhancement, because it appears that the court's denial of the bifurcation motion caused defendant to forego his right to have a jury determine whether he had suffered the alleged prior conviction and served the resulting prison term. (*People* v. *Martinez* (1985) 175 Cal.App.3d 881, 893 [221 Cal.Rptr. 258]; *People* v. *Tipton* (1984) 160 Cal.App.3d 853, 857 [206 Cal.Rptr. 821]; cf. *People* v. *Golston* (1986) 188 Cal.App.3d 346, 353-354 [232 Cal.Rptr. 788].) Under these circumstances, the court's failure to exercise its discretion was prejudicial unless the court—had it exercised its discretion—would have, and validly could have, denied the bifurcation motion.

Were we to resolve the issue of prejudice based upon the information before the trial court at the time it ruled upon the motion for bifurcation, we would conclude that it would have been an abuse of discretion to deny defendant's motion. Admission of evidence of the alleged prior conviction would have apprised the jury that defendant recently had been convicted of attempted robbery, a crime bearing some similarity to, and of comparable seriousness to, the charged offense of attempted burglary—thereby creating a serious risk that the jury would conclude that defendant has a criminal disposition. Furthermore, there was no indication, at that time, that this potential for prejudice would be lessened because evidence of the alleged prior offense, or additional prior criminal conduct, would be admitted for other purposes at the trial of the charged offense. Thus, on the basis of the

state of the record at the time the trial court ruled upon defendant's motion, we believe that bifurcation was required because it appeared that admission of evidence of defendant's prior conviction would unduly prejudice the jury's determination of defendant's guilt of the charged offense.[6]

At the time of the bifurcation motion, however, neither the parties nor the trial court had the benefit of the present decision describing the factors the court should consider in deciding whether bifurcation is necessary. We cannot foreclose the possibility that further information was available, but not presented, at the time the trial court ruled upon the motion.

Accordingly, we shall vacate that portion of the judgment imposing the sentence enhancement and direct the Court of Appeal to remand the matter to the trial court to reconsider defendant's motion for bifurcation in light of the applicable principles set forth in the present opinion. In the event the trial court determines on remand that the motion for bifurcation properly was denied, it should reinstate the sentence enhancement. If the trial court determines the motion for bifurcation should have been granted, defendant may elect to withdraw his admission of the alleged prior conviction and the resulting prison term and have a limited new trial on the issue whether he suffered the alleged prior conviction for attempted robbery (§§ 664/211) and served a prior prison term for that offense within the meaning of section 667.5, subdivision (b). (*People* v. *Morton, supra,* 41 Cal.2d 536, 543.)

### DISPOSITION

For the reasons discussed above, we affirm that portion of the judgment of the Court of Appeal upholding defendant's conviction of second degree burglary and reverse that portion of the judgment upholding the sentence enhancement under section 667.5. The sentence enhancement is vacated and the matter is remanded to the Court of Appeal with directions to that court to remand the case to the trial court for reconsideration of defendant's motion for bifurcation in light of the legal principles set forth in the present opinion. In the event the trial court determines that the motion for bifurcation

---

[6]The trial court subsequently ruled that defendant, if he testified, could be impeached with evidence that he had been convicted of a "theft-related felony." Defendant elected to testify and, rather than be impeached by the prosecution, admitted having been convicted of a "theft-related felony." Whether such a sanitized reference to a defendant's prior conviction, for the purpose of impeachment, would render nonprejudicial the admission of evidence of that prior conviction for the purpose of sentence enhancement, so as to justify a unitary trial, will depend upon the circumstances of the particular case. We need not, and do not, express an opinion upon this issue in the present case because, at the time the trial court denied defendant's motion for bifurcation, it was not clear that defendant would testify and the court had not yet ruled that defendant's prior conviction would be admissible to impeach him in the event he chose to testify.

properly was denied, it should reinstate the sentence enhancement. If the trial court determines that the motion for bifurcation should have been granted, it shall permit defendant to withdraw his admission of the alleged prior conviction and the resulting prison term. If defendant withdraws his admission, the court shall conduct a limited new trial on the issue whether defendant suffered the alleged prior conviction for attempted robbery (§§ 664/211) and served a prior prison term for that offense within the meaning of section 667.5, subdivision (b). Any resulting appeal shall be limited to issues arising from the proceedings upon remand.

Lucas, C. J., Kennard, J., Arabian, J., Baxter, J., and Werdegar, J., concurred.

**MOSK, J.,** Concurring and Dissenting.—I have no problem with the fundamental law as analyzed and decided by the majority.

I do have a quarrel with the charge of burglary and a sentence to state prison for an attempt, and failure, to take $29 worth of beer from the refrigerator of a convenience store without paying the cashier.

In my view the defendant should have faced a simple petty theft charge. Four years in state prison for this nonviolent offense is manifestly excessive. Vindictive sentences of this type merely add to the overcrowding of prisons which are desperately needed these days for criminals convicted of serious, usually violent, offenses against society.

I would remand to the courts below for reconsideration of the charge and the sentence imposed on this defendant.