Filed 3/26/25  P. v. Bey CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>HIRAMU EL KENYATTA BEY,<br>        Defendant and Appellant. | A168728<br><br>(Sonoma County<br> Super. Ct. No. SCR7476881) |

A jury convicted defendant Hiramu El Kanyatta Bey of several offenses related to his possession of a loaded firearm and methamphetamine.  On appeal, he challenges the denial of his motion to quash a warrant and suppress evidence of the drugs and firearm seized from his car.  He also challenges the trial court's failure to bifurcate the trial on his offenses from the aggravating circumstances for his sentence.  No error appears.  We also reject his argument of insufficient evidence to support his conviction for possession of methamphetamine while armed with a loaded firearm.  Finally, while we largely reject the various challenges to his sentence, we vacate and remand for resentencing because the court failed to stay one of the sentences for his firearm offenses under Penal Code section 654.  (Undesignated statutory references are to this code.)  We otherwise affirm.

1

## BACKGROUND

A burglary of HomeEnergy, a business, occurred on June 23, 2021. On June 28, an officer responded to a domestic disturbance in Sonoma. The officer saw Carmina Salcido sitting in a green Mercury Mountaineer SUV registered to Bey and parked in an alley outside of Bey's house. Salcido allowed the officer to search the vehicle, which revealed two methamphetamine pipes and goods stolen from HomeEnergy. Those goods included computers, a checkbook, and commercial GPS trackers.

The same day, officers obtained a warrant to search for stolen HomeEnergy items in Bey's house and "[a]ny and all vehicle[s] reasonably believed" to be under the control of the residents. Officers collected over 100 items, such as cellphones, license plates, modems, and other electronic goods from HomeEnergy. A search of Bey's bedroom revealed a box of .38-caliber ammunition, a pill bottle containing nine-millimeter ammunition, a case for a Glock handgun, and an empty handgun magazine. During the search, Bey noted he started parking his Cadillac truck in the alleyway behind his house. Officers searched the truck parked against the back fence. Inside was a pill bottle with Luger ammunition, a .380-caliber semiautomatic handgun containing six rounds, an identity card belonging to Demond Battiest, otherwise known as Bey, and a 10.034-gram package of methamphetamine in the center console.

In March 2023, the district attorney charged Bey with possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1); possession of a drug while armed with a loaded, operable handgun (Health & Saf. Code, § 11370.1, subd. (a); count 2); and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 3). The complaint also alleged six circumstances in

aggravation. (Cal. Rules of Court, rule 4.421(a)(2), (7), (10) & (b)(1), (2), (3); undesignated rule references are to these rules.)

Before trial, Bey moved to quash the warrant and suppress the evidence seized from his Cadillac because the affidavit supporting the warrant failed to establish probable cause that evidence from the HomeEnergy burglary would be found there. The trial court denied the motion. The court also denied Bey's motion for bifurcation of the trial on guilt from a trial on the alleged aggravating circumstances. The jury convicted Bey of all three counts and found three circumstances in aggravation to be true. The court sentenced him to four years in state prison.

## DISCUSSION

## I.

Bey contends the trial court erred by denying his motion to quash the search warrant and suppress evidence obtained from his Cadillac. He argues the affidavit supporting the warrant lacked probable cause to search his car. We disagree.

The affidavit contained the following information: according to the detective, officers found a green Mercury SUV with no license plates parked in an alley behind a particular residence in Sonoma. A search of the vehicle yielded numerous electronic devices including iPhones, laptops and ten desktop computers, as well as license plates registered to HomeEnergy. A representative from HomeEnergy confirmed the confiscated items were stolen and noted there were 86 additional electronics and computers missing after a recent burglary. The detective also recounted an officer's interaction with Salcido, who was sitting in the SUV. She explained Bey recently sold her the car, and she was living at Bey's house for approximately one and one-half months with her husband. She denied any responsibility for the

3

HomeEnergy burglary and claimed ignorance regarding whether the goods in the car were stolen.  But she also offered that there was a box of electronics in Bey's backyard.  In addition, officers located a walking cane in HomeEnergy.  Salcido, who walked with a limp, admitted she recently lost her cane.

The detective, experienced in narcotics and property crime investigations, explained that subjects who commit thefts divvy stolen goods to associates and other involved parties.  They often store those goods in obscure places, such as basements, vents, or cars, to avoid law enforcement detection.  A magistrate judge issued a warrant authorizing the search of Bey's residence, and "[a]ny and all vehicle reasonably believed to [be] under the control of the occupants of the residence."

The Fourth Amendment prohibits unreasonable searches and seizures and requires probable cause to support search warrants.  (U.S. Const., 4th Amend.; Cal. Const., art. I, § 13; *People v. Camacho* (2000) 23 Cal.4th 824, 830–831.)  Searches are presumptively reasonable if supported by a warrant, and the "probable cause showing must be made in the warrant affidavit." (*Price v. Superior Court* (2023) 93 Cal.App.5th 13, 35; *People v. Weiss* (1999) 20 Cal.4th 1073, 1082.)  Probable cause supporting a search exists if "there is a fair probability that contraband or evidence of a crime will be found in a particular place" identified in the warrant.  (*Illinois v. Gates* (1983) 462 U.S. 213, 238; *People v. Carrington* (2009) 47 Cal.4th 145, 161.)  When reviewing a search based on a warrant, we determine whether, on the totality of the circumstances, "the magistrate had a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing" — a deferential standard of review.  (*People v. Kraft* (2000) 23 Cal.4th 978, 1040–1041; *Illinois*, at p. 230.)  The defendant must demonstrate the invalidity of the warrant.  (*People v. Amador* (2000) 24 Cal.4th 387, 393.)

4

The affidavit here provided probable cause to support the belief that Bey's Cadillac contained items stolen from HomeEnergy. It recounted an officer's interaction with Salcido, who was parked outside of Bey's house in a Mercury SUV full of stolen HomeEnergy goods. Salcido walked with a noticeable limp, admitted she recently lost her cane, and officers had found a walking cane at HomeEnergy. There was a substantial basis to conclude Salcido participated in committing the HomeEnergy burglary. (*People v. Kraft*, *supra*, 23 Cal.4th at p. 1041.) More importantly, relying on his training and experience in property crimes, the detective explained it was likely the thief distributed stolen items to associates and other involved parties. (*People v. Nicholls* (2008) 159 Cal.App.4th 703, 711 [magistrate may consider an officer's expertise to support a probable cause finding].) Those associates reasonably included Bey — Salcido admitted she had been living at his house, he had recently sold the SUV to her, and she noted his backyard could contain electronic goods. Alternatively, the magistrate could infer from these facts that Salcido paid Bey for the SUV or housing with goods stolen from HomeEnergy.

It was not an illogical leap, as Bey argues, to infer his Cadillac contained stolen items. Bey concedes there was probable cause to search his residence. The detective explained stolen goods are often hidden in certain obscure locations in a house as well as cars to avoid detection by law enforcement. (*People v. Nicholls*, *supra*, 159 Cal.App.4th at pp. 711–712.) It was reasonable for the detective to infer Salcido could have placed the stolen goods in any vehicle on the property where she was living. (*People v. Camel* (2017) 8 Cal.App.5th 989, 999 [noting it was reasonable to believe a person hid evidence of crimes "in a vehicle on the premises other than the vehicles he had been seen driving"].) Taken together, a magistrate making a practical

5

and commonsense decision could conclude, based on this information, that vehicles associated with the property and Bey might contain stolen items — Bey has not demonstrated the warrant was invalid. (*Illinois v. Gates, supra*, 462 U.S. at p. 238; *People v. Amador, supra*, 24 Cal.4th at p. 393.) Given this conclusion, we do not address his alternative arguments challenging the search of the Cadillac.

## II.

Bey contends the trial court erred by failing to bifurcate the trial on his charges from a trial on the aggravating circumstances. We disagree.

For background, the criminal complaint alleged six aggravating circumstances. Three alleged aggravating circumstances — that Bey served a prior term in prison (rule 4.421(b)(3)); he was convicted of other crimes for which consecutive sentences could have been imposed but concurrent sentences are being imposed (*id.*, (a)(7)); and his prior convictions are numerous or of increasing seriousness (*id.*, (b)(2)) — were reserved for a decision by the trial court. The prosecutor did not intend to submit additional evidence to demonstrate the existence of the remaining three circumstances — that Bey was armed with or used a weapon at the time of committing the crime (*id.*, (a)(2)); the crime involved a large quantity of contraband (*id.*, (a)(10)); and he has engaged in violent conduct that indicates a serious danger to society (*id.*, (b)(1)) — to the jury. Bey requested bifurcating the latter three circumstances. The court denied this request because the evidence to support convictions and the aggravating circumstances for Bey's offenses was the same.

During trial, the jury heard testimony that officers recovered a loaded handgun and 10.034 grams of methamphetamine from Bey's truck. According to a witness, this was a usable amount of methamphetamine —

6

below 0.1 grams is considered residue. And the parties stipulated that Bey had previously been convicted of felonies — unlawful sexual intercourse with a minor, receiving a stolen motor vehicle, taking a vehicle without the owner's consent, and felon in possession of a firearm. The stipulation ultimately read to the jury simply referred to Bey's prior felony case numbers without any attendant descriptions. During closing arguments, the prosecutor discussed the alleged aggravating circumstances, noting Bey's Cadillac contained a gun and 10.034 grams of methamphetamine. For the third circumstance, the prosecutor argued methamphetamine is a serious danger to society and "having a loaded firearm with a round in the chamber is a serious danger to society."

Bifurcation was unnecessary because evidence presented by the prosecutor was admissible to prove both the charged offenses and the aggravating circumstances. When there are three possible terms of imprisonment for a criminal offense, the trial court must impose a sentence that does not exceed the middle term unless aggravating circumstances justify imposing a higher term. (§ 1170, subds. (b)(1), (b)(2).) The defendant must stipulate to or the fact finder must find true the aggravating circumstances. (*Id.*, subd. (b)(2); *People v. Lynch* (2024) 16 Cal.5th 730, 748.) Upon request, the court must bifurcate a trial on the aggravating circumstances from a trial of charges *unless* evidence supporting the aggravating circumstance is admissible to prove or defend against the charged offense. (§ 1170, subd. (b)(2).) If the court bifurcates the proceedings, the "jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (*Ibid.*) We independently

review issues of law, such as applying a statute.[1] (*People v. Galvan* (2008) 168 Cal.App.4th 846, 852.)

Critically, Bey fails to identify any new evidence that should have been withheld until the trial on the aggravating circumstances, thus requiring bifurcation. Nor can he. Each of the charged offenses required proof he possessed a firearm or ammunition. (See, e.g., §§ 29800, subd. (a)(1) [felon in possession of a firearm]; 30305, subd. (a)(1) [possession of ammunition by person prohibited from possessing firearm].) One of his offenses required demonstrating he possessed a controlled substance. (Health & Saf. Code, § 11370.1, subd. (a) [possession of controlled substance with firearm].) Evidence presented to prove Bey's guilt of these offenses — testimony that officers recovered a loaded handgun and 10.034 grams of methamphetamine from Bey's truck — was the same evidence supporting the aggravating circumstances — defendant was armed with or used a weapon at the time of the commission of the crime; the crime involved a large quantity of contraband, such as a controlled substance; defendant engaged in violent conduct indicating a serious danger to society. (Rule 4.421 (a)(2), (10), (b)(1).)

Relying on *People v. Calderon* (1994) 9 Cal.4th 69 — holding a court abused its discretion denying a bifurcation request for a prior conviction determination where there was a substantial risk of undue prejudice to the defendant from a unitary trial — Bey insists the failure to bifurcate prejudiced him because the prosecutor in closing argument made negative

---

[1] We reject Bey's assertion that we must review the trial court's bifurcation decision for an abuse of discretion. The plain language of section 1170 does not confer the court with discretion to bifurcate aggravating circumstances. Rather, it states the court "shall" bifurcate the aggravating circumstances when requested by the defendant, except "where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial." (*Id.*, subd. (b).)

inferences about the evidence.  Leaving aside that prosecutors may make comments on the state of the evidence (*People v. Nadey* (2024) 16 Cal.5th 102, 156–157), *Calderon* does not assist Bey.  There, the court noted "bifurcation of the determination of the truth of a prior conviction allegation is *not required*" when, "even if bifurcation were ordered, the jury still would learn of the existence of the prior conviction before returning a verdict of guilty." (*Calderon*, at p. 78.)  Indeed, where evidence supporting an enhancement is also admissible at trial on the charged offense, "any inference of prejudice would be dispelled, and bifurcation would not be necessary."  (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1049–1050.)  Those are the circumstances here.  There is no prejudice to Bey since the evidence supporting the aggravating circumstances was admissible to prove his charged offenses. Bifurcation was not required here.[2]

### III.

Bey contends there was insufficient evidence supporting his conviction for possessing a drug while armed with a loaded, operable handgun.  (Health & Saf. Code, § 11370.1, subd. (a).)  According to Bey, officers recovered his gun from his Cadillac while he was inside his house, thus the gun was not available for immediate use — an element of the offense.  After reviewing "the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact

---

[2] We do not address Bey's remaining argument that the trial court usurped the jury's role in determining certain other aggravating circumstances since he raises this argument for the first time in his reply brief.  (*Campos v. Anderson* (1997) 57 Cal.App.4th 784, 794, fn. 3 ["Points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before"].)

could find the defendant guilty beyond a reasonable doubt," we disagree. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 (*Rodriguez*).)

The Health and Safety Code prohibits unlawful possession of methamphetamine in any amount "while armed with a loaded, operable firearm." (Health & Saf. Code, § 11370.1, subd. (a).) "Armed with" means "having available for immediate or defensive use." (*Id.*, subd. (c).) Defendants are not required to physically carry the firearm. (*People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 990.) Nor must defendants be physically present in the same location where officers have recovered any firearms and narcotics. (*People v. Bland* (1995) 10 Cal.4th 991, 995 [for § 12022 enhancement, defendant was "armed" even though officers seized both cocaine and the defendant's firearm in his bedroom while the defendant was outside of his house]; *Martinez*, at p. 989 [relying on cases interpreting § 12022's language "personally armed with a firearm in the commission" of a felony for interpreting the definition of "armed" under the Health and Saf. Code, § 11370.1].) Rather, if a firearm and illegal narcotics are found in close proximity, a jury could reasonably infer "at some point during the period of illegal drug possession, the defendant had the firearm close at hand and thus *available for immediate use to aid in the drug offense*." (*Bland*, at p. 995, italics added.)

Here, officers recovered methamphetamine from the center console of his Cadillac. They also found a backpack bearing indicia it belonged to Bey — it had his license inside — on the front passenger floorboard containing a loaded firearm. The record established his knowledge of this firearm. When officers confronted him about the firearm, he noted the ammunition they found in his bedroom would not match the firearm recovered from the Cadillac. Viewing this evidence in the light most

10

favorable to the judgment, the jury could reasonably infer Bey, at some point while he was in his car, was physically present with the methamphetamine and firearm. Thus, there was substantial evidence that the firearm during that time was readily available for immediate use. (*Rodriguez*, *supra*, 20 Cal.4th at p. 11.)

*People v. Sanchez* (2021) 66 Cal.App.5th 14 does not alter this conclusion. There, the court concluded a gun that was in bag under a board in the bed of a truck while the defendant was in the truck cab was not available for immediate offensive or defensive use. (*Id.*, at p. 20.) To obtain the gun, the defendant would have had to exit the vehicle, reach into the truck bed, remove the board, and take the gun out of the bag before operating it. (*Ibid.*) Here, however, the firearm was "more proximate and available to" Bey — he could simply retrieve the gun while sitting in the car. (*Ibid.*) Substantial evidence supported Bey's conviction.

**IV.**

Bey makes a series of arguments challenging his sentence. He contends there was insufficient evidence supporting the three aggravating circumstances presented to the jury — that Bey was armed with or used a weapon at the time of committing the crime (rule 4.421(a)(2)); the crime involved a large quantity of contraband (*id.*, (a)(10)); and he has engaged in violent conduct that indicates a serious danger to society (*id.*, (b)(1)). In addition, he argues the court wrongly relied on certain aggravating circumstances that were also elements of his felon in possession of a firearm and ammunition offense — an improper dual use of facts for sentencing. Finally, Bey contends the court erred by failing to stay punishment of one of his possession offenses even though section 654 prohibits multiple punishments for possession of the same gun. Thus, Bey argues we must

11

remand for resentencing to allow the court to exercise its discretion to stay execution of one of the terms of imprisonment. On this last argument, we agree, but otherwise reject the sentencing challenges.

For background, the trial court imposed an aggravated term of four years for possessing methamphetamine while armed with a firearm, with a concurrent aggravated term of three years for being a felon in possession of a firearm, and a concurrent middle term of two years for possessing drug paraphernalia. The court disavowed reliance on any aggravating factors the jury found true during Bey's trial when making its sentencing determination. Instead, the court noted there were no mitigating circumstances and it relied on two other circumstances — that that Bey served a prior term in prison (rule 4.421(b)(3)); and his prior convictions are numerous or of increasing seriousness (*id.*, (b)(2)) — to impose the aggravated sentence.

First, viewing the evidence in the light most favorable to the judgment and presuming the existence of every fact the jury could reasonably deduce from this evidence, substantial evidence supports the aggravating circumstances found true by the jury. (*Rodriguez, supra*, 20 Cal.4th at p. 11.) Repeating arguments he made regarding the sufficiency of the evidence supporting his offense for possession of methamphetamine with armed with a firearm, he again insists he was not armed with and did not use a weapon when committing this offense. (Rule 4.421(a)(2).) We reject this argument for the same reasons discussed above.

Bey is no more successful in challenging the sufficiency of the evidence supporting the finding his crime involved a large quantity of contraband. (Rule 4.421(a)(10).) An expert criminalist from the Department of Justice noted officers seized 10.034 grams of methamphetamine from Bey's car. She explained .01 grams was a usable amount, while the amount recovered from

Bey was approximately 10 sugar packets worth of methamphetamine. The jury could reasonably infer that possession of 1,000 times the amount of usable methamphetamine was a large quantity of contraband. (*People v. Medina* (2009) 46 Cal.4th 913, 919 [presuming existence of every fact jury could reasonably deduce from evidence].) That the trial court during sentencing noted that 10.034 grams was not a large quantity of methamphetamine is irrelevant. The jury, not the court, determined the existence of this aggravating circumstance. More importantly, "reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Jennings* (2010) 50 Cal.4th 616, 639.)

We do, however, agree with Bey that the evidence supporting the jury's finding he engaged in violent conduct indicating a serious danger to society was insufficient. (Rule 4.421 (b)(1).) The jury heard the parties' stipulation that he was previously convicted of a felony, and there was testimony that officers discovered firearms and ammunition in Bey's house and car despite his being prohibited from possessing either. There was nothing in the record indicating Bey's conduct was violent or that his past conduct was violent. But this conclusion does not require vacating Bey's sentence and remand — the trial court did not rely on this factor when imposing an aggravated sentence. (*People v. Lynch*, *supra*, 16 Cal.5th at pp. 742–743 [requiring vacating a remanding sentence where trial court *relied* on facts not proved in compliance with § 1170 to impose the upper term].)

Second, Bey forfeited his argument that the trial court's reliance on the fact that he served a prior term in prison (rule 4.421(b)(3)) and that his prior convictions are numerous or of increasing seriousness (*id*, (b)(2)) to impose the aggravated sentence was an improper dual use of the fact that he was a

13

convicted felon for sentencing.  (*People v. Avalos* (1984) 37 Cal.3d 216, 233; *People v. Scott* (1994) 9 Cal.4th 331, 350 [court cannot use a fact constituting an element of an underlying offense to aggravate a sentence].)  He failed to raise it at the sentencing hearing and raises it for the first time on appeal in his supplemental reply brief.  (*People v. Saunders* (1993) 5 Cal.4th 580, 589–590; *Campos v. Anderson, supra*, 57 Cal.App.4th at p. 794, fn. 3.)

Finally, the People concede, and we agree, that the trial court erred by failing to stay one of the sentences for the firearm possession offenses.  Section 654 provides, an "act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions," but the act or omission must not be punished under more than one provision.  (*Id.*, subd. (a).)  Here, the court improperly imposed multiple punishments for possession of the same gun that was found in Bey's Cadillac — a four-year aggravated term for possession of methamphetamine while armed with a firearm, and a three-year aggravated term for being a felon in possession of a firearm.  (*People v. Jones* (2012) 54 Cal.4th 350, 353–354 [prohibiting multiple punishments for possession of the same gun].)  We reject the People's argument that we should simply stay the three-year term for the possession of a firearm offense.  The court is not required to impose the sentence with the longest term of imprisonment and stay the other term.  (*People v. Jones* (2022) 79 Cal.App.5th 37, 45.)  Rather, it has the " 'discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*Ibid*.)  As such, we vacate Bey's sentence and remand for the court to conduct a full resentencing to allow the court to consider its sentencing choices.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

14

## DISPOSITION

The matter is remanded, and the trial court directed to impose sentence on both counts one and two and then stay execution of one of those sentences under section 654.  The judgment is otherwise affirmed.

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.


A168728; *People v. Bey*

16