Filed 3/28/25  P. v. Fotu CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FASI FOTU,<br><br>        Defendant and Appellant. | A168984<br><br>(San Francisco County<br> Super. Ct. Nos. SCN23338501,<br>CRI20006837) |

Fasi Fotu (appellant) appeals his conviction, following a jury trial, of murder (Pen. Code, § 187, subd. (a))[1] and being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  His sole contention on appeal is that the trial court abused its discretion in denying his motion for mistrial.  We affirm.

BACKGROUND

On February 21, 2020, at approximately 4:00 p.m., officers responded to a shooting and found the victim unresponsive in the driver's seat of a car. Efforts to resuscitate him were unsuccessful.  The cause of death was a gunshot wound to the back.

---

[1] All undesignated statutory references are to the Penal Code.

1

Officers collected video surveillance footage from various locations around the time of the shooting. The videos showed a man shooting the victim, then leaving the scene in a silver Mustang with a California license plate beginning with "4T." Video showed the silver Mustang subsequently stopping at an address on Kirkwood Road, where the man got out. A few days later, officers identified a silver Mustang matching the car in the surveillance video, which DMV records showed was registered to appellant at the same Kirkwood Road address. When appellant was subsequently arrested at an apartment at a different location, officers found a pair of black Air Jordan shoes similar to ones worn by the shooter in the video.

Text messages on appellant's cell phone indicated he was in a romantic relationship with Sarina B. When police interviewed Sarina, they showed her portions of the surveillance video footage, which she admitted showed her at the scene of the shooting.[2] Later that same day, Sarina spoke by phone to appellant, who was in jail, and told him, "I'll be in custody by next week. Or before." When appellant responded, "What? That's crazy," Sarina said, "Video. Cameras. Everything"; "Clear as day. Everything"; "All the way up to Kirkwood"; "All the way. All the way to Kirkwood." When appellant warned, "You know these 'phones,' right," Sarina responded, "Well, how else am I gonna tell you?"

The jury found appellant guilty of first degree murder (§ 187, subd. (a)) and found true an allegation that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)), and also found him guilty of being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The court sentenced appellant to an aggregate prison term of 50 years to life.

---

[2] Sarina was charged and tried with appellant but, following the prosecution's case-in-chief, the court granted Sarina's motion for acquittal.

DISCUSSION

I.     *Additional Background*

The lead investigator on the case testified he was present when appellant was arrested. When the prosecutor asked if there was "anything on [appellant's] person that was relevant to this investigation," the officer responded, "He was found to have a loaded firearm on him."

Following an unreported sidebar at defense counsel's request, the court addressed the jury as follows: "Thank you for giving us a bit of time; sometimes things come up. There's sometimes confusion that occurs, and it's important for the parties to bring it to my attention and to correct it. So, once again, as I instructed you at the beginning of the case, I'm going to instruct you as follows concerning some testimony that you heard that a firearm was taken during Mr. Fotu's arrest on March 3rd, 2020. The firearm is not connected -- is not connected to Mr. Fotu, nor is it connected to this case in any way, so you must disregard that testimony and not consider it or use it in any way. It's not connected to Mr. Fotu, not connected to this case. [¶] So sometimes things happen. It is important for me to make sure the record is clear, so you only have what's actually evidence in this case."

Later, outside the presence of the jury, the court stated for the record that defense counsel "made a timely objection and made a motion for mistrial" at the sidebar. Defense counsel explained to the court that he had not brought a motion in limine about the firearm, which all parties agreed was not connected to this case, because the prosecutor had assured counsel that he was not going to introduce it. The prosecutor argued against a mistrial because "the homicide is captured on video" and the jury would be

3

"hear[ing] evidence of prior felony convictions";[3] in addition, the court "cured it accurately, especially with the words that the Court read to the jury saying that the firearm was not connected to the Defendant, probably most importantly and certainly not to this case." Defense counsel argued, "When the People make representations and you rely on them, they should be upheld, and they should be trustworthy. . . . [I]t was incumbent upon the government to admonish their witnesses when they confirmed they weren't going to do what happened." The court stated it would consider the mistrial motion, finding it "inappropriate and prejudicial for the sergeant to have offered this testimony," but noting the curative instruction was "very strong" and offering to "give another curative instruction during instructions if I don't grant the mistrial."

The following morning, the court denied the mistrial after "great consideration," agreeing with appellant that the jury "could improperly use that evidence to convict him of Count 2," being a felon in possession of a firearm. The court continued, "Having said that, I did weigh the prejudice against the curative instruction or admonition, I should say, that I gave the jury, and I do believe that the admonition was sufficiently strong enough to cure the error," as it directed "the jury that the firearm that was seized was not connected to Mr. Fotu, nor connected to the case in any way, and that they are to disregard that testimony, and not consider it, nor use it in any way in this case, which I think was a pretty strong admonition because the firearm was actually connected to Mr. Fotu." The court again offered to give another instruction if defense counsel wanted, but found "any prejudice was cured by the Court's admonition."

---

[3] The parties later stipulated that appellant was convicted of a felony in 2005.

4

II.    *Analysis*

" 'A mistrial should be granted if the court is apprised of prejudice that it judges incurable by admonition or instruction.  [Citation.]  Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.  [Citation.]'  [Citation.]  A motion for a mistrial should be granted when ' " 'a [defendant's] chances of receiving a fair trial have been irreparably damaged.' " ' " (*People v. Collins* (2010) 49 Cal.4th 175, 198.)  We review the trial court's denial of a mistrial motion for abuse of discretion.  (*Ibid.*)

Appellant argues the trial court abused its discretion.  We acknowledge that the testimony was prejudicial.  (See *People v. Jablonski* (2006) 37 Cal.4th 774, 822 [" '[e]vidence of possession of a weapon not used in the crime charged against defendant leads logically only to an inference that defendant is the kind of person who surrounds himself with deadly weapons—a fact of no relevant consequence to determination of the guilt or innocence of the defendant' "].)  However, we disagree with appellant's contention that no reasonable jurist could find the admonition sufficient to cure the prejudice.  The trial court admonished the jury immediately after the challenged testimony; the admonition was clear and unequivocal; and the court offered to provide additional admonitions at appellant's request.  (See *People v. Molano* (2019) 7 Cal.5th 620, 676 [affirming denial of mistrial motion where "[t]he trial court took corrective action by admonishing the jury immediately . . . .  The court's admonition was decisive and clear"].)  "The jurors are presumed to have followed the court's admonishment."  (*Ibid.*)

Appellant acknowledges admonitions are generally considered adequate to cure prejudice in all but "exceptional circumstances," but

5

contends this is one of those exceptional cases. We disagree. The cases cited by appellant finding such exceptional circumstances are distinguishable. (See *People v. Ozuna* (1963) 213 Cal.App.2d 338, 339, 341–342 [admonition insufficient to cure officer's testimony that the defendant identified himself as " ' "an ex-convict," ' " which was intentionally elicited by the prosecutor in a second trial—after the first trial ended with a hung jury—"in order to strengthen the People's case by generating prejudice in the minds of the jurors"]; *People v. Bracamonte* (1981) 119 Cal.App.3d 644, 648–650, 655–656 [trial court abused its discretion in denying bifurcated trial on five prior convictions, two for the same crime charged in the instant case; limiting instruction that jury not consider the convictions for purposes of the charged crime not sufficient], disapproved on another ground in *People v. Calderon* (1994) 9 Cal.4th 69, 80.)

## DISPOSITION

The judgment is affirmed.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A168984)