129 Cal.Rptr.2d 292 (2003)
105 Cal.App.4th 250
The PEOPLE, Plaintiff and Appellant,
v.
Harold Austin WALLACE, Defendant and Respondent.
No. A092782.
Court of Appeal, First District, Division Four.
January 10, 2003.
Review Granted March 26, 2003.
*293 Gary T. Yancey, District Attorney, Doug MacMaster, Deputy District Attorney, for appellant.
William D. Farber, for respondent.
REARDON, J.
A jury convicted respondent Harold Austin Wallace of being an ex-felon in possession of a firearm. (See Pen.Code,[1] §§ 667, subd. (e), 12021, subd. (a)(1).) The trial court found two prior conviction allegationsboth strikes under the "Three Strikes" lawto be true, but struck the second strike in the interests of justice, sentencing the defendant as if he had only one strike against him. (See § 1385.) Wallace was sentenced to 16 months in state prison for this offense.[2] The People appeal, contending that the trial court abused its discretion when it struck the prior conviction that constituted Wallace's second strike. (See § 995.) We agree.

I. FACTS

A. The First and Second Strikes

In January 1998, appellant Harold Austin Wallace was held to answer on a charge *294 that he committed murder in April 1996 and did so while using a firearm. He had also been charged with discharging a firearm at an occupied building in March 1996, but the magistrate refused to hold him to answer on this charge. (See §§ 187, 246, 12022.5.) Despite this ruling, an information was filed charging Wallace with both crimes. Firearm use allegations accompanied each charge. (See §§ 187, 246, 12022.5.) Wallace pled not guilty to both charges and in February 1998, he moved to dismiss the second count (firearm discharge) for insufficiency of evidence. The motion to dismiss was granted. (See § 995.)
In May 1998, the information was amended to reinstate the second count and to add a third countdischarging a firearm at an occupied building or vehicle in April 1996. (See § 246.) On the record, Wallace indicated that he understood that his intended no contest plea would subject him to the Three Strikes law because the convictions for both offenses would constitute two strikes. (See § 667, subd. (e).)
Wallace then pled no contest to the charge that he fired a firearm at an occupied building or vehicle in April 1996 (first strike) and fired a firearm at an occupied building a month earlier in March 1996 (second strike). His attorney stipulated that there was a factual basis for the plea. The trial court also concluded that there was a factual basis for the plea, accepted it, and found Wallace guilty of both charges. The murder charge and the related enhancement were dismissed on the People's motion. Wallace was given a fiye-year term of probation. One condition of his probation prohibited him from possessing a firearm.

B. The New Charges

In February 2000, Wallace was charged with a December 1999 murder. The information alleged that he used a firearm in the commission of this offense. It also alleged three other countsone charge of criminal street gang activity committed in December 1999, and two counts of being an ex-felon in possession of a firearmone allegedly committed in December 1999 and another alleged to have been committed in January 2000. Finally, the information alleged that Wallace had two strikes against him based on the two May 1998 convictions. (See §§ 186.22, subd. (a), 187, 667, subd. (e), 1170.12, 12021, subd. (a)(1), 12022.53, subds. (b), (c).) (Contra Costa County Super. Ct. No. 000223-8.) A motion to revoke his probation based on the new allegations was also filed.
In April 2000, Wallace's first jury trial ended in a mistrial when the jurors were unable to reach a verdict on any of the four charges alleged against him.[3] A second jury trial was conducted in May and June 2000.[4] The second jury was also unable to reach a verdict bn those charges stemming from the December 1999 incidentmurder, being an ex-felon in possession of a firearm, and criminal street gang activity. Another mistrial was declared on these counts. However, the second jury convicted Wallace of having been an exfelon *295 in possession of a firearm in January 2000.[5]

C. Sentencing and Striking Second Strike

Wallace waived a jury trial on the two strike allegations of his prior convictions. He moved to dismiss both of these prior conviction allegations. In August 2000, a court trial[6] was conducted on the prior convictions that constituted the two strikes alleged against Wallace. The trial court found both allegations to be true, rejecting claims that Wallace was not properly advised by counsel of the effect of the no contest pleas and that he suffered from ineffective assistance of counsel at that earlier proceeding.
Then, the trial court considered Wallace's July 2000 motion to strike both prior convictions in the exercise of its discretion. (See § 1385.) He asked the trial court to strike the prior conviction that formed the second strikethe March 1996 act of shooting a firearm at an inhabited dwellingafter considering the fact that the underlying charge had been dismissed pursuant to section 995 before it was reinstated and Wallace pled no contest to it. Defense counsel asserted that there was no factual basis for the underlying conviction. He asked the trial court to consider this circumstance when ruling on its motion to strike Wallace's second strike before sentencing. The People countered that Wallace received the benefit of the negotiated dispositionthe dismissal of the murder chargeand could not later decline the burden of it.
The trial court noted that in the negotiated settlement, Wallace did not agree to waive his right to argue that one of the strikes should be stricken for sentencing purposes in the interests of justice. It found that in 1998, a magistrate refused to hold Wallace over for trial on the March 1996 offense and a trial court granted a motion to dismiss that charge when the People charged it in the information.[7] The trial court took these facts into account when it exercised its discretion pursuant to section 1385. Over the People's vigorous objection, the trial court concluded that under the unique circumstances of this casethe second strike was a conviction in form, but not in substance, making it appropriate to sentence Wallace as if he fell outside the spirit of the Three Strikes law insofar as he would be treated as if he only had one strike, rather than two. Thus, the trial court struck Wallace's second strike stemming from the March 1996 shooting in the interests of justice. (See § 1385; People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (Romero).)
Wallace was sentenced to a three-year base term for being an ex-felon in possession of a firearm, doubled to six years because of his first strike. He was also sentenced to a consecutive term of eight years eight months for violating probation, for a total state prison term of 14 years eight months. (Contra Costa County Super. Ct. Nos. 000223-8, 980121-8.) In September 2000, the People dismissed the *296 murder and criminal street gang activity charges still pending against Wallace.[8]
A year later, the trial court recalled the sentence imposed for both cases, concluding that its sentence was illegal. It amended the August 2000 abstract of judgment and imposed a new sentence of 10 years in state prison, of which a consecutive term of 16 months was imposed for the June 2000 conviction for being an exfelon in possession of a firearm in January 2000. The 16-month term was computed based on one-third of the midterm of two years (eight months) for this offense and again doubled because the trial court deemed that Wallace had only a single strike against him. (See §§ 18, 667, subd. (e)(1), 12021, subd. (a)(1).)

II. DISCUSSION
The People contend that the trial court abused its discretion when it struck Wallace's second strike prior conviction. The trial court struck Wallace's second strike in the interests of justice, finding that it was a prior conviction in form rather than in substance. It was persuaded to this conclusion because the People's evidentiary showing at the preliminary hearing had been insufficient to withstand a motion to dismiss. (See § 995.) On appeal, the People argue that this reason was irrelevant and thus, the trial court's action was arbitrary, irrational and outside the spirit of the Three Strikes law.
The prior conviction was based on a charge on which Wallace was not held to answer. After the People charged this offense in the information and Wallace obtained a dismissal from the trial court pursuant to section 995, a negotiated disposition of this charge and several others resulted in the recharging of the offense and Wallace's no contest plea. A plea of no contest admits every element of the charged offense, all allegations and factors comprising the charge contained in the pleading. (People v. Caceres (1997) 52 Cal. App.4th 106, 109 fn. 4, 60 Cal.Rptr.2d 415.) The People reason that once he entered his no contest plea, any defect at the preliminary hearing stage was cured and was rendered irrelevant for purposes of a later trial court's exercise of discretion whether to strike this prior conviction in furtherance of justice pursuant to section 1385.
By now, the law is well settled that pursuant to section 1385, a trial court has discretion to strike a prior conviction that constitutes a strike under the Three Strikes law. (See People v. Williams (1998) 17 Cal.4th 148, 151-152, 69 Cal. Rptr.2d 917, 948 P.2d 429; People v. Cline (1998) 60 Cal.App.4th 1327, 1337, 71 Cal. Rptr.2d 41; see also Romero, supra, 13 Cal.4th at pp. 529-530, 53 Cal.Rptr.2d 789, 917 P.2d 628 [allegation of prior conviction].) This exercise of discretion is broad, but not absolute. It is limited in the sense that it must further the interests of justice. Both the rights of the defendant and those of the society represented by the People must be considered when determining whether striking a prior conviction that constitutes a strike under the Three Strikes law is appropriate. (People v. Williams, supra, 17 Cal.4th at pp. 158-161, 69 Cal.Rptr.2d 917, 948 P.2d 429; Romero, *297 supra, 13 Cal.4th at p. 530, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Cline, supra, 60 Cal.App.4th at p. 1337, 71 Cal.Rptr.2d 41.)
The California Supreme Court has set forth the standard to be applied when a trial court is faced with a motion to dismiss a strike in the interest of justice. In this circumstance, the trial court must determine whetherin light of the nature and circumstances of the present felony and the prior convictions, and the particulars of the defendant's background, character and prospectsthe defendant may be deemed to be outside the spirit of the Three Strikes law, in whole or in part, and hence should be treated as though he or she had not previously been convicted of one or more serious and/or violent felonies. (People v. Garcia (1999) 20 Cal.4th 490, 498-499, 85 Cal.Rptr.2d 280, 976 P.2d 831; People v. Williams, supra, 17 Cal.4th at p. 161, 69 Cal.Rptr.2d 917, 948 P.2d 429.) The decision to strike a prior conviction is an individualized one, based on the particular aspects of the current offense for which the defendant has been convicted and on the defendant's own history and personal circumstances. However, the trial court must also pay heed to the Three Strikes law within which it exercises its authority. Its decision to strike a prior conviction creates an exception to this sentencing scheme which allows the sentencing court, for articulable reasons that can withstand scrutiny for an abuse of discretion, to conclude that this defendant should be treated as if he or she actually fell outside the Three Strikes law. (People v. Cluff (2001) 87 Cal.App.4th 991, 1004, 105 Cal.Rptr.2d 80; People v. McGlothin (1998) 67 Cal. App.4th 468, 474, 79 Cal.Rptr.2d 83.)
A decision to strike a prior conviction that constitutes a strike is reviewed for an abuse of discretion. (People v. Williams, supra, 17 Cal.4th at pp. 152, 158-159, 162, 69 Cal.Rptr.2d 917, 948 P.2d 429; see Romero, supra, 13 Cal.4th at pp. 531-532, 53 Cal.Rptr.2d 789, 917 P.2d 628.) That standard of review is deferential to the trial court, but not empty. We consider whether the decision of the trial court falls outside the bounds of reason under the applicable law and the relevant facts. (People v. Williams, supra, 17 Cal.4th at p. 162, 69 Cal.Rptr.2d 917, 948 P.2d 429; see People v. Myers (1999) 69 Cal.App.4th 305, 309, 81 Cal.Rptr.2d 564.) Examples of an abuse of discretion include dismissal for judicial convenience; to reduce court congestion; solely because the defendant pled guilty; or because the trial court has a personal antipathy to the effect that the Three Strikes law would have on a defendant while ignoring the defendant's background, the nature of the present offense or other individualized considerations. (People v. Williams, supra, 17 Cal.4th at p. 159, 69 Cal.Rptr.2d 917, 948 P.2d 429; see Romero, supra, 13 Cal.4th at pp. 531-532, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Cline, supra, 60 Cal.App.4th at p. 1337, 71 Cal.Rptr.2d 41.)
On appeal, the People argue that because the no contest plea admitted all elements of the prior offense that constituted the second strike, the "sufficiency" of the evidence adduced at the preliminary hearing was irrelevant as a factor supporting the exercise of discretion to strike the strike. The People are correct. Once Wallace entered his no contest plea, the elements of the offense and the sufficiency of the evidence supporting that offense were established. (In re Troy Z. (1992) 3 Cal.4th 1170, 1181, 13 Cal.Rptr.2d 724, 840 P.2d 266 [no contest plea admits sufficiency of evidence].) Reliance by the trial court on the preplea rulings of the magistrate and the superior court concerning the sufficiency of the evidence presented at the preliminary hearing was error and *298 constituted an abuse of discretion. Although there are many factors that may be considered by the trial court in the exercise of its broad discretion to strike a strike, this was not one of them.
Because the trial court placed primary reliance upon this improper factor, the order striking the strike must be reversed.

III. DISPOSITION
The order striking Wallace's second strike is reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion.
We concur: KAY, P.J, and RIVERA, J.
NOTES
[1] All statutory references are to the Penal Code.
[2] Wallace was sentenced on two different casesone based on the new charge and one based on violation of an earlier-imposed term of probation. He was originally sentenced to six years for the new offensethree years doubled because of his first strikeas part of a total state prison term of 14 years eight months for both cases. (Contra Costa County Super. Ct. Nos. 000223-8, 980121-8.) In September 2001while this matter was pending on appealthe trial court found that this sentence was illegal, recalled the sentence, and imposed a new sentence of 10 years in state prison for both casesof which 16 months were to be served for the charge underlying his present conviction. As with the earlier sentence for this offense, this term was doubled because of the single strike against Wallace. The trial court characterized this action as an amendment to its August 2000 abstract of judgment. (See People v. Riggs (2001) 86 Cal.App.4th 1126, 1128-1132, 103 Cal.Rptr.2d 890.)
[3] The jury was split six to six on the murder charge and the related charge of being an exfelon in possession of a firearm; it divided five to seven on the criminal street gang activity charge; and it split ten to two on the second charge of being an ex-felon in possession of a firearm.
[4] Wallace admitted his two prior convictions for purposes of the ex-felon element in the two charges of being an ex-felon in possession of a firearm.
[5] The People rely in their brief on a probation report summary of the facts of the underlying case. Wallace challenges this reliance in his brief and asks us to strike this portion of the People's brief or deem it to be inaccurate. We need not take these requested actions. Instead, we disregard any noncompliance by relying on the 2000 trial record itself to the extent that this evidence is relevant to the issue presented on appeal. (See Cal. Rules of Court, rule 14(a)(2)(C), (e)(2)(C).)
[6] The trial of the prior convictions had been bifurcated from the other issues in the case.
[7] The People countered that both the magistrate and the trial court were mistaken in these rulings.
[8] Although the People argued that a preponderance of evidence showed that Wallace had committed murder in 1999 and the trial court should consider the fact of the murder when evaluating whether to grant or deny the motion to strike, the trial court disagreed. Having presided over the second trial, the trial court stated its opinion that the People's evidence of murder did not meet this lesser burden of proof. However, the trial court opined that the evidence that in January 2000, Wallace had been an ex-felon in possession of a firearm was "very strong."