Filed 10/10/14  P. v. Galloway CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059039 |
| v. | (Super.Ct.No. FWV1300142) |
| MICHAEL SHANE GALLOWAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed as modified.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier, and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Michael Shane Galloway is serving a Third-Strike prison term of 31 years to life after a jury convicted him of first degree burglary.  Defendant argues:  (1) the sentence is cruel and unusual punishment under both the state and federal constitutions; and (2) he is entitled to 160 days of local conduct credit under Penal Code section 4019.[1]  As discussed below, we affirm the sentence but award the 160 days of conduct credit.

### FACTS AND PROCEDURE

On January 11, 2013, defendant had recently been released on parole after serving a 19-year, second-strike prison term.  At about 11:00 a.m., defendant knocked and jiggled the handle on the door of the upstairs apartment that his very close friend, Jonathan Bradford, shared with Bradford's girlfriend, Aunjana Williams.  Williams looked through the peep-hole in the door and saw defendant walking down the stairs.  She asked him what he wanted and defendant asked where Bradford was.  Williams told defendant that Bradford was at work and that she was about to leave for work.

When Williams returned home from work around 8:00 that night, she found that her apartment had been burglarized and "trashed", a window was broken, and a number of items were missing, including jewelry and electronics.  Many of the stolen items were found in defendant's hotel room and inside his girlfriend's car.

On March 14, 2013, the People filed an amended information charging defendant with first degree burglary (§ 459) and alleging that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) and 667, subd. (b)-(i)) for robbery in 1995 (§ 212.5) and 1990

---

[1]  All section references are to the Penal Code unless otherwise indicated.

(§ 211), that these also qualified as prison priors (§ 667.5, subd. (b)), and that the 1995 robbery conviction was a serious felony (§ 667, subd. (a)(1)).

On April 10, 2013, a jury found defendant guilty as charged. On April 17, 2013, the trial court found the allegations true.

At the sentencing hearing on June 20, 2013, the trial court denied defendant's *Romero*[2] motion to dismiss one of his prior strike convictions. The court did dismiss one of the prison priors. The court sentenced defendant to five years for the serious felony prior, plus one year for the remaining prison prior, to be followed by 25 years to life for the robbery conviction under the Three Strikes Law. The court awarded defendant 161 days of actual credit for local time served but no days of conduct credit.

This appeal followed.

## DISCUSSION

1. *Defendant's Life Sentence is Not Cruel and Unusual*

Defendant argues the trial court erred when it sentenced defendant to a life term because the sentence constitutes cruel and/or unusual punishment under the federal and state constitutions. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.) Specifically, defendant points out that the burglary caused no physical harm or threat of harm to anyone and argues it was motivated by his drug addiction.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497

3

"Whether a punishment is cruel or unusual is a question of law for the appellate court, but the underlying disputed facts must be viewed in the light most favorable to the judgment." (*People v. Martinez* (1999) 76 Cal.App.4th 489, 496.)

Both the federal and state Constitutions require that the punishment fit the crime. Under the prevailing view, the Eighth Amendment of the federal Constitution is violated when a sentence is "'grossly disproportionate'" to the crime. (*Harmelin v. Michigan* (1991) 501 U.S. 957, 1001.) Similarly, article I, section 17 of the California Constitution is violated when the punishment "is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424, fn. omitted (*Lynch*).)

In determining whether a sentence constitutes cruel or unusual punishment under the state Constitution, we generally apply a three-pronged test. (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1510; *People v. Cuevas* (2001) 89 Cal.App.4th 689, 702.) We (1) examine the nature of the offense and offender, (2) compare the punishment with the penalty for more serious crimes in the same jurisdiction, and (3) measure the punishment to the penalty for the same offense in different jurisdictions. (*Lynch, supra,* 8 Cal.3d at pp. 425-427.) Defendant challenges his sentence as unconstitutional solely as applied to him and his individual circumstances, and so we examine only the first prong—the nature of the offense and the offender.

Defendant argues the life sentence is cruel and unusual because in this current offense no one was physically hurt or threatened. However, the sentence is based in large

4

part on his recidivist behavior. (*People v. Cline* (1998) 60 Cal.App.4th 1327, 1338; *People v. Mantanez* (2002) 98 Cal.App.4th 354.) "[A] defendant's history of recidivism, which is part of the nature of the offense and the offender, justifies harsh punishment." (*People v. Meeks* (2004) 123 Cal.App.4th 695, 709.) "Recidivism in the commission of multiple felonies poses a manifest danger to society justifying the imposition of longer sentences for subsequent offenses." (*People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1630.)

As the trial court pointed out at the sentencing hearing, at the time of this current, third-strike crime, defendant had just recently been released on parole from a 19-year, second-strike prison term imposed after a 1995 robbery conviction, that itself had followed a five-year prison term imposed in 1990 for yet another robbery conviction, all of which were preceded by two felony drug convictions in 1989, for which he was eventually directed to serve a two-year prison term after violating his probation. Defendant showed himself to be completely unable to live a felony-free life between 1989 and 2013, in that each time he became free from custody during that time, whether on parole or probation, he consistently committed another serious felony within a short period of time.

In view of his failure to learn from his past offenses, defendant's indeterminate life term is not disproportionate to his personal responsibility. Nor does the sentence shock the conscious or offend fundamental notions of human dignity. (*People v. Lucero* (2000) 23 Cal.4th 692, 740.)

5

2.    *Defendant is Entitled to 160 Days of Conduct Credits*.

Defendant argues, the People concede, and this court agrees, that the trial court erred in failing to award him 160 days of pre-trial conduct credit pursuant to section 4019.

The California Supreme Court has stated:  "'[T]he court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment.  (§ 2900.5, subd. (d) . . . .)" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.)

Section 4019 provides that "a term of four days will be deemed to have been served for every two days spent in actual custody" for all days spent in local custody from the date of arrest to the sentencing date.  Defendant was arrested on January 11, 2013 and sentenced on June 20, 2013, which should give him 161 days of custody credit and 160 days of conduct credit.

Here, at the time of sentencing, the trial court acted at the suggestion of the People to award defendant 161 days of custody credit but no days of pre-sentence conduct credit, on the assumption that such credits cannot not be earned on an indeterminate life sentence.  This assumption is incorrect.  (*People v. Brewer* (2011) 192 Cal.App.4th 457, 462.)  Section 2933.1 limits such credits to 15 percent where the defendant is convicted of a violent felony under section 667.5, subdivision (c).  First degree burglary qualifies as a violent felony only if "it is charged and proved that another person, other than an

6

accomplice, was present in the residence during the commission of the burglary."

(§ 667.5, subd. (c)(21).)  Although the information charged the burglary as a violent felony, the jury did not make this finding, and the evidence shows that no one was home during the burglary.  Thus, defendant's conduct credits are not limited by section 2933.1.

In addition, as the People point out, the abstract of judgment incorrectly reflects "0 local conduct" credits pursuant to section 2933.1.

Accordingly, we modify the judgment to show defendant is awarded 160 days of conduct credits under section 4019.

## DISPOSITION

The judgment is modified to award defendant 160 days of presentence conduct credits in addition to the 161 days of presentence custody credits, for a total of 321 days. The superior court clerk is directed to amend the June 20, 2013, sentencing hearing minute order and the abstract of judgment to reflect the same and to delete the references to section 2933.1.  The superior court clerk is also directed to forward a certified copy of the amended abstract of judgment and minute order to the Department of Corrections and Rehabilitation.  The judgment as thus modified is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT_____
J.

We concur:

RAMIREZ_____
P. J.
KING_____
J.

7