Filed 6/23/25  P. v. Cazden CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AMANDA HUBERT CAZDEN,<br><br>Defendant and Appellant. | C101443<br><br>(Super. Ct. No. 2022-CR0088974) |

A jury found defendant Amanda Hubert Cazden guilty of three separate counts of vandalism, burglary, and theft in each of three separate incidents, for a total of nine counts of conviction.

1

On appeal, the parties agree the trial court erred by declining to apply Penal Code section 654[1] to six of the nine counts at sentencing. We agree with the parties as to this point and shall remand for resentencing.

FACTS

The Lassen Municipal Utility District (LMUD) owns a decommissioned Cold War era communications bunker facility. On three separate occasions, defendant broke into the bunker facility and stole copper materials.

On or about July 7, 2021, an LMUD facility maintenance supervisor who worked at the bunker facility noticed that the chain link fence surrounding the bunker had been cut and the locks of the door to the bunker had been drilled out. The maintenance supervisor further noticed the rooms inside the bunker had been vandalized and copper pipes and wiring had been removed from the bunker.

Almost a year later, on June 8, 2022, the same LMUD maintenance supervisor again noticed the chain link fence was damaged and the locks to the bunker had been drilled out. Prior to entering the bunker to investigate, the maintenance supervisor saw a black jeep parked about 50 yards from the bunker. The maintenance supervisor and another LMUD coworker observed a woman standing near the jeep, and the coworker called 911.

Near the entrance of the bunker the maintenance supervisor saw a bag with cut copper wire and another bag with tools. At the bottom of the stairs to the bunker was a pile of copper wire and computer board chips in a pile. He also noticed copper wire had also been removed from the conduit inside of the main room and from generators in another room. After the break-in, LMUD made temporary repairs and secured the bunker with plywood.

---

[1] Undesignated statutory references are to the Penal Code.

Six days later, on June 14, 2022, the same LMUD maintenance supervisor arrived at the bunker and saw the lock to the gate had been cut and someone had driven over the gate. The plywood securing the bunker had been removed. Inside the bunker, the bags containing tools and copper, observed on June 8, 2022, were gone. There were saw blades in the generator room of the bunker, which had apparently been used to cut a conduit to access additional copper.

Two days later, a California Highway Patrol officer stopped a vehicle that looked like the one the LMUD employees had seen at the bunker facility on June 8, 2022. Defendant was the passenger in that vehicle. During a search of the jeep, the officer found tools, scrap metal, and copper wire, which appeared suspicious. The LMUD maintenance supervisor later identified some of the tools found in the jeep as the same ones taken from the bunker.

PROCEDURAL BACKGROUND

An amended information charged defendant with three counts of burglary (§ 459; counts I-III), three counts of vandalism (§ 594, subd. (a); counts IV-VI), two counts of felony grand theft (§ 487j; counts VIII-IX), and one count of misdemeanor grand theft (§ 487j; count VII).

After trial, a jury found defendant guilty on counts I through VII and count IX. As to count VIII, the jury found defendant guilty of the lesser included offense of petty theft. The probation report recommended the application of section 654 to all counts except the three burglary counts for the three separate dates of the incidents. The trial court declined to stay any counts of conviction and instead imposed consecutive sentences on the three burglary counts and concurrent sentences on each of the other counts, the details of which are not relevant here.

The trial court imposed a restitution fine (§ 1202.4) in the amount of $300, and a matching parole revocation fine (§ 1202.45). The abstract of judgment listed both fines as $2,400. The court later amended the abstract of judgment to reflect a restitution fine in the amount of $300, and a parole revocation fine in the amount of $300.[2]

Defendant timely appealed.

DISCUSSION

Section 654, subdivision (a) provides in relevant part that: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." "Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences." (*People v. Deloza* (1998) 18 Cal.4th 585, 592.) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.) "In any section 654 inquiry, the court must initially ascertain the defendant's objective and intent." (*People v. Tom* (2018) 22 Cal.App.5th 250, 260.)

" 'Whether the facts and circumstances reveal a single intent and objective within the meaning of Penal Code section 654 is generally a factual matter; the dimension and meaning of section 654 is a legal question.' [Citation.] We apply the substantial evidence standard of review to the trial court's implied finding that a defendant harbored

---

[2] This correction was made after defendant's opening brief was filed and moots his claim of error in the abstract of judgment, as pointed out in respondent's brief and not contradicted by defendant (no reply brief was filed).

4

a separate intent and objective for each offense." (*People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1414.)

Here, each of three distinct incidents that occurred on three different dates involved entry into the bunker facility to steal copper. The theft was the intended felony underlying the burglary, and thus only one of those two crimes could be punished for each of the three incidents. (*People v. Islas* (2012) 210 Cal.App.4th 116, 130 ["When a defendant is convicted of burglary and the intended felony underlying the burglary, section 654 prohibits punishment for both crimes"].)

Further, as the evidence from each of the three incidents demonstrated, defendant vandalized the gate and the door to the bunker during the process of breaking into the bunker, i.e., the burglary, the two crimes of vandalism and burglary shared a common intent and objective--accessing the copper and stealing it, i.e. theft. There was no evidence the vandalism was for any purpose other than accessing the bunker facility to steal copper. Likewise, the evidence from each incident demonstrated defendant stole copper from the bunker facility, and there is no evidence defendant entered the bunker with any intent other than to steal copper. (See *People v. Cline* (1998) 60 Cal.App.4th 1327, 1336 [concluding either the defendant's conviction of grand theft or burglary stemming from a single incident must be stayed pursuant to section 654].) Therefore, the trial court erred when it failed to apply section 654 to stay execution of sentence on two of the three charged crimes as to each of the three incidents resulting in the nine counts of conviction.

## DISPOSITION

The sentence is vacated, and the case is remanded for a full resentencing with directions for the trial court to resentence defendant applying section 654 and to further exercise its sentencing discretion under current law.  The judgment is otherwise affirmed.


                                            /s/
                                          Duarte, J.


We concur:


     /s/
Mauro, Acting P. J.


     /s/
Krause, J.