Opinión disidente emitida el
Juez Asociado Señor Martí-nez Torres.
No es cuestión de ser o no ser “liberal”, es cuestión de elaborar ju-risprudencia de frente a la realidad. Pueblo v. Tribunal Superior, 91 D.P.R. 19, 45 (1964) (Op. disidente del Juez Asociado Señor Rigau).
Disiento con mucho respeto del criterio de mis colegas en estos casos consolidados. De forma implícita, la Opinión del Tribunal otorga una factura más ancha al amparo del Art. II, Secs. 7 y 11 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, al extender la norma deApprendi v. New Jersey, 530 U.S. 466 (2000), más allá de lo que ha pautado el Tribunal Supremo de Estados Unidos. En el camino, también se revoca de forma solapada lo resuelto en Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006), y en Pueblo v. Santana Vélez, 177 D.P.R. 61 (2009).
Los hechos de estos casos consolidados se encuentran resumidos adecuadamente en la Opinión del Tribunal. Aun así, intereso puntualizar que la controversia que hoy resol-vemos no trata sobre si se puede bifurcar un juicio ante jurado para dividir la fase del veredicto y la fase de la imposición de la sentencia. Se trata de dilucidar si procede ingeniar un proceso en que se divida una acusación en dos para imputar en un documento los elementos del delito y en otro los agravantes. Como opino que la actuación del Ministerio Público en estos casos consolidados no ofende el debido proceso de ley ni el derecho a juicio por jurado, ni está dispuesta en las Reglas de Procedimiento Criminal, disiento.
*495 I
A. En Pueblo v. Santana Vélez, supra, establecimos la forma como se impone una sentencia con agravantes cuando el juicio es ante jurado. Al hacerlo, analizamos el sistema de imposición de penas provisto por el Art. 58 del Código Penal de 1974 (33 L.P.R.A. sec. 3282 (ed. 2001)), a la par con el derecho a juicio por jurado que cobija la En-mienda Sexta de la Constitución de Estados Unidos, L.P.R.A., Tomo 1, y la jurisprudencia interpretativa del Tribunal Supremo de Estados Unidos, con especial atención a lo resuelto en Apprendi v. New Jersey, supra; Cunningham v. California, 549 U.S. 270 (2007); United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002). Luego de so-pesar el derecho aplicable, sostuvimos que los agravantes de la pena deben someterse ante el Jurado y probarse más allá de duda razonable, salvo que el acusado los acepte. Pueblo v. Santana Vélez, supra, pág. 76.
También resolvimos en Pueblo v. Santana Vélez, id., cuál es el momento y la forma apropiada para que las cir-cunstancias agravantes de la pena sean sometidas al jurado. En particular, expresamos:
En casos en que los agravantes surjan de la prueba admisible presentada, el Ministerio Público podrá solicitar al Tribunal que éstos se le sometan al jurado en conjunto con la determi-nación de culpabilidad o inocencia. En caso de que el jurado emita un veredicto de culpabilidad, deberá determinar igual-mente si encontró probados más allá de duda razonable los agravantes imputados. Pueblo v. Santana Vélez, id., pág. 77.
Añadimos que:
En estos casos, el juez que presida los procedimientos de-berá emitir una instrucción al jurado a los efectos de que de-berán, en primera instancia, determinar si el acusado es culpable o no culpable. Luego, de llegar a un veredicto de *496 culpabilidad, deberán considerar si, a base de la prueba pre-sentada para probar la comisión del delito, se probaron más allá de duda razonable los agravantes imputados. Del jurado contestar en la afirmativa, el juez deberá tomar en considera-ción dicha determinación al momento de imponer sentencia. Pueblo v. Santana Vélez, id., pág. 77 esc. 7.
Ahora bien, aclaramos que cuando sea necesario
... presentar prueba adicional a la requerida para establecer la comisión del delito que no sería admisible durante el juicio o si el juez considera que se le causaría un perjuicio indebido al acusado al someter los agravantes antes de rendirse el ve-redicto, entonces el procedimiento a seguir será similar al que se lleva a cabo actualmente al amparo de las Reglas de Proce-dimiento Criminal. Según las Reglas 162.4 y 171 de Procedi-miento Criminal tanto el acusado como el fiscal podrán solici-tar del tribunal que escuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena. Véanse las Reglas 162.4 y 171 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El Ministerio Público podrá hacer uso de las vistas que conceden dichas reglas para presentar prueba sobre los agravantes que estime pertinentes imputar. El Jurado, en esos casos, no sería disuelto inmediatamente luego de emitirse el veredicto, sino que tendrían que realizar la determinación de los agravantes más allá de duda razona-ble a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público presente en dicha vista. De los agravantes no ser probados más allá de duda razonable por el Jurado, el juez estará obligado a imponer la pena fija, salvo que considere probadas circunstancias ate-nuantes que le permitan conceder una pena menor. Pueblo v. Santana Vélez, id., págs. 77-78.
Como se aprecia, sostuvimos sin ambages que el juez debe tener la discreción para decidir en qué etapa procesal se presenta la evidencia de agravantes al Jurado. Pueblo v. Santana Vélez, id., pág. 96 (opinión de conformidad del Juez Asociado Señor Martínez Torres). Resolvimos de esa forma para “no complicar los procesos en aquellos casos en que ello no se amerita”. Id.
Un análisis de derecho comparado con la jurisdicción federal y con otras jurisdicciones estatales de la Unión nos *497 lleva a la misma conclusión. Véanse, entre otros: Apprendi v. New Jersey, supra, pág. 521 esc. 10 (Opinión concurrente del Juez Asociado Señor Thomas); United States v. Alviar, 573 F.3d 526, 545 (7mo Cir. 2009); United States v. Nickl, 427 F.3d 1286, 1295 (10mo Cir. 2005); Krocka v. City of Chicago, 203 F.3d 507, 516 (7mo Cir. 2000); United States v. Collamore, 868 F.2d 24, 27 (1er Cir. 1989); State v. Britton, 995 A.2d 557, 563 (2010); State v. McBride, 691 S.E.2d 183, 192 (2010); Polivka v. State, 362 S.W.3d 918, 923 (2010); Vaca v. State, 314 S.W.3d 331, 336-337 (2010); Duncan v. State, 939 So.2d 772, 782 (2006); Commonwealth v. Philpott 75 S.W.3d 209, 213 (2002); State v. Janto, 986 P.2d 306, 321 (1999); People v. Calderon, 885 P.2d 83, 86 (1994).
Incluso, existen jurisdicciones en que se han delineado criterios para ayudar al juzgador a ejercer su discreción al determinar el momento en que se deben presentar los agravantes al jurado. Por ejemplo, en State v. Berry, 227 W.Va. 221, 226 (2011), el Tribunal Supremo de Apelaciones del estado de West Virginia estableció los factores siguien-tes para dilucidar si procede la bifurcación de un juicio:
(a) si unas instrucciones limitadas al jurado serían efectivas [Por ejemplo, véase, United States v. Alfonzo-Reyes, 592 F.3d 280, 293 (1er Cir. 2010)]; (b) si las partes interesan presentar prueba solamente en la fase de la imposición de la pena pero no en cuanto al veredicto;(c) si la evidencia sería admisible en la fase de la imposición de la pena, pero no sería admisible en cuanto al veredicto o viceversa;(d) si cualquiera de las partes puede demostrar perjuicio o desventaja desleal por la bifurca-ción;(e) si un juicio unitario causaría que las partes renuncien a la presentación de prueba pertinente para la determinación de la pena, y (f) si la bifurcación alargaría injustificadamente el juicio. (Traducción nuestra).(1)
*498 B. Por su parte, en nuestro ordenamiento jurídico la Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, indica que la primera alegación de parte del Pueblo será la acusación. La Regla 35 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regula el contenido de la acusación. En lo concerniente, ese precepto indica:
La acusación y la denuncia deberán contener:
(c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpre-tarán en su acepción usual en el lenguaje corriente, con excep-ción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tu-vieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial. Id.
En esencia, la Regla 35 de Procedimiento Criminal, id., responde al derecho constitucional de todo acusado “a ser notificado de la naturaleza y causa de la acusación”, según lo establece el Art. II, Sec. 11, de la Constitución de Puerto Rico, supra. Por eso, si una acusación no imputa delito, la Regla 64(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite que se desestime.
En Pueblo v. Montero Luciano, supra, pág. 389, declara-mos inconstitucionales los incisos (b)(4) y (b)(5) del Art. 7.04 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 5204, en cuanto eximían al fiscal de alegar la reincidencia en la denuncia por guiar en estado de embriaguez. Sustentamos nuestra decisión en que esos dos incisos violaban la Regla 48 de Procedimiento Criminal, 34 *499 L.P.R.A. Ap. II, y nuestra cláusula constitucional de debido proceso de ley. Id.; Art. II, Sec. 7 de la Constitución de Puerto Rico, supra. Por ello, concluimos que esa cláusula constitucional impone el deber al fiscal de alegar en la acu-sación las convicciones anteriores del acusado para poder establecer su condición de reincidente. Pueblo v. Montero Luciano, supra, pág. 388.
Por otro lado, dejé claro en Pueblo v. Vélez Rodríguez, 186 D.P.R. 621, 650 (2012) (Opinión disidente, a la cual se unió la Jueza Asociada Señora Pabón Charneco), que una “acusación no es otra cosa que una alegación que hace el Ministerio Público en la que informa a una persona de qué se le acusa”. (Enfasis en el original).
También indiqué en mi disenso que al momento de re-visar la suficiencia de una acusación es menester enfocarse en los aspectos siguientes: (1) el derecho del acusado a ser informado de la naturaleza de los cargos en su contra; (2) el derecho constitucional en la jurisdicción federal en cier-tos casos a ser procesado por una acusación que pase el cedazo de un gran jurado, y (3) el derecho constitucional a no ser procesado dos veces por el mismo delito. Pueblo v. Vélez Rodríguez, id., pág. 645.
II
Considero que la Opinión del Tribunal comete el mismo error conceptual que lo llevó a concluir de forma errada en Pueblo v. Vélez Rodríguez, 186 D.P.R. 621 (2012), ya que atribuye valor evidenciarlo a una acusación. En particular, la Opinión del Tribunal, pág. 489, indica que al
... desglosar los agravantes en un pliego separado, se eli-mina la posibilidad de ocasionar un perjuicio indebido al acu-sado al momento del Jurado deliberar sobre su culpabilidad, a la vez que se da paso a una notificación oportuna al imputado de lo que podría enfrentar en el trámite de su caso y, de este modo, pueda preparar su defensa adecuadamente.
*500 Sin embargo, ese enfoque es incorrecto. Todos los hechos que el Ministerio Público consigna en una acusación, inclu-yendo los que agravan la pena, necesitan ser probados más allá de duda razonable en el proceso penal. Pueblo v. García Colón I, 182 D.P.R. 129, 174-176 (2011); Pueblo v. Lugo, Rivero y Almodóvar, 121 D.P.R. 454, 472 (1988); Pueblo v. Cabán Torres, 117 D.P.R. 645, 652 (1986). Como ex-presé en mi disenso en Pueblo v. Vélez Rodríguez, supra, pág. 650, no podemos aplicarle a una acusación las Reglas de Evidencia, 32 L.P.R.A. Ap. VI. Por el contrario, en nues-tro esquema procesal penal se imparten unas instrucciones al Jurado. En ellas se le explica que “la acusación no cons-tituye prueba, sino que es una alegación que hace el Minis-terio Público”. (Enfasis en el original). Pueblo v. Vélez Ro-dríguez, supra, pág. 650. Esa instrucción es más que suficiente para evitar un perjuicio indebido al acusado. Es mi contención que un jurado puede entender el mandato constitucional que garantiza al acusado la presunción de inocencia y exige que toda condena esté sostenida con evi-dencia más allá de duda razonable. Pueblo v. García Colón I, supra; Pueblo v. Lugo, Rivero y Almodóvar, supra.
No obstante, la Opinión del Tribunal decide hoy inaugu-rar una “mejor práctica” en casos en que existan agravantes. Así, literalmente crea un proceso para esos ca-sos en que “el Ministerio Público [deberá presentar] dos pliegos por separado: uno de ellos imputando la comisión del delito y el otro detallando las circunstancias que po-drían agravar la pena”. Opinión del Tribunal, pág. 488. De esa forma, luego de culminar el juicio y antes de la delibe-ración, el juez, dentro de su discreción, decidirá si se entre-gan ambos pliegos al Jurado en el mismo acto o si, por el contrario, se entrega el pliego con los elementos del delito primero y luego, de ser necesario, el de los agravantes. En esencia, la Opinión del Tribunal sustenta su “mejor prácti-ca” en los preceptos constitucionales que promueven un juicio ante un Jurado imparcial, así como el derecho a ser *501 juzgado conforme las garantías del debido proceso de ley. Opinión del Tribunal, pág. 488. Estoy en desacuerdo con ese resultado. En cambio, estoy convencido de que la ac-tuación del Ministerio Público en estos casos consolidados no ofende el debido proceso de ley ni el derecho a juicio por jurado.
En esta coyuntura, conviene recordar lo que expresamos en Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974), a los efectos de que “[e]l debido proceso [de ley] no es abstracción apocalíptica que de sólo invocarla infunda temor de Dios al tribunal y paralice al adversario”. Cada caso hay que analizarlo con sus hechos particulares. De esa manera, si estudiamos con detenimiento nuestra decisión en Pueblo v. Montero Luciano, supra, págs. 388-389, notamos que la razón por la cual declaramos incons-titucionales los incisos (b)(4) y (b)(5) del Art. 7.04 de la Ley de Vehículos y Tránsito de Puerto Rico, supra, fue porque eran contrarios a la Regla 48 de Procedimiento Criminal, supra, que reconoce un derecho a que la reincidencia se imputara en la acusación. Por ello concluimos que “una vez incorporados ciertos derechos por acción legislativa, éstos se convierten en parte integral del debido proceso de ley”. (Énfasis suprimido). Pueblo v. Montero Luciano, supra, pág. 388.
En el caso que nos ocupa no existe un derecho incorpo-rado por acción legislativa que obligue al Ministerio Fiscal a presentar dos pliegos acusatorios por separado. De he-cho, no hemos encontrado ni una jurisdicción que obligue al fiscal a realizar esa actuación. Lo que existe es jurispru-dencia copiosa que establece el momento adecuado para presentar la prueba de agravantes al Jurado de forma que no se ofenda el derecho constitucional a juicio por jurado. Véanse: Apprendi v. New Jersey, supra, pág. 521 esc. 10, (Opinión concurrente del Juez Asociado Señor Thomas); United States v. Alviar, supra, pág. 545; United States v. Nickl, supra, pág. 1295; Krocka v. City of Chicago, supra, *502 pág. 516; United States v. Collamore, supra, pág. 27; State v. Brillon, supra, pág. 563; State v. McBride, supra, pág. 192; Polivka v. State, supra, pág. 923; Vaca v. State, supra, págs. 336-337; Duncan v. State, supra, pág. 782; Commonwealth v. Philpott, supra, pág. 213; State v. danto, supra, pág. 321; People v. Calderon, supra, pág. 86. Esa ac-tuación la atendimos expresamente en Pueblo v. Santana Vélez, supra, págs. 76-78, y delineamos el proceso en esos casos. No obstante, la Opinión que se emite hoy descarta ese proceso.
De igual manera, al decidir Pueblo v. Montero Luciano, supra, pág. 388 esc. 24, siempre nos referimos al pliego acusatorio en singular y no a los pliegos acusatorios en plural porque nuestras Reglas de Procedimiento Criminal no admiten sobre la norma que hoy se adopta. Incluso, re-sulta espinoso aplicar el nuevo proceso que elabora la Opi-nión del Tribunal en aquellas jurisdicciones en que existe derecho a que el pliego acusatorio pase el cedazo de un gran jurado. Véase, por ejemplo, las Reglas 6 y 7 de Proce-dimiento Criminal federal. En esas jurisdicciones, ¿habrá que convocar un gran jurado para la acusación que impute los elementos del delito y otro para la acusación que impute los agravantes? ¿No hacerlo viola el debido proceso de ley ? Parece que, según la mayoría, la Constitución federal se está violando todos los días en todas las jurisdicciones de Estados Unidos.
La Opinión del Tribunal, págs. 491-492, incurre en otra incongruencia al ordenar al Ministerio Público que incluya la alegación de reincidencia en el mismo documento que recoge los elementos del delito. Si para fines de argumen-tación acogiéramos la tesis de la Mayoría; ¿no es más pro-vocadora la alegación de reincidente que las circunstancias agravantes del delito? Me parece que la respuesta es clara. Lo que ocurre es que la Opinión del Tribunal intenta en-trelazar infructuosamente nuestra decisión en Pueblo v. Montero Luciano, supra, con la “mejor práctica” que inau- *503 gura hoy. Pero en realidad la norma que pauta hoy este Tribunal es incompatible con Pueblo v. Montero Luciano, id. Allí señalamos lo contrario a lo que resolvemos hoy: que los agravantes (que entonces era una alegación de reinci-dencia) tienen que aparecer en el pliego acusatorio único, precisamente porque así lo requiere el derecho constitucio-nal a un debido proceso de ley. La vigencia de ese prece-dente ahora está en duda.
También me preocupa la imprecisión con que la Opinión del Tribunal expresa el término “agravantes”. Digo esto porque en ella no se explica cuáles son los agravantes que deben ir en el segundo pliego. Es decir, la Opinión no limita su norma a la lista de agravantes que contiene el Art. 66 del Código Penal de 2012, Ley Núm. 146-2012. Al no ha-cerlo, la Opinión del Tribunal desorienta y confunde a nuestra profesión legal, quien al fin y al cabo, será la que tendrá la tarea ardua de aplicar la “mejor práctica” que hoy comienza. Por ejemplo, si analizamos el delito de esca-lamiento, según se regula en los Arts. 194 y 195 del Código Penal de 2012, notamos que es un agravante el hecho de que el delito se cometiera en un “edificio ocupado”. Según la “mejor práctica” que hoy se inaugura: ¿hay que presentar un pliego con los elementos del delito de escalamiento simple, Art. 203 del Código Penal, supra, y otro que indique que el edificio estaba ocupado? La Opinión del Tribunal guarda silencio al respecto. A modo de comparación, véanse los siguientes artículos del Código Penal de 2012, en que ocurre algo similar: Art. 108 (agresión) y Art. 109 (agresión grave); Art. 141 (proxenetismo, rufianismo y comercio de personas) y Art. 142 (proxenetismo, rufianismo y comercio de personas agravado); Art 155 (restricción de libertad) y Art. 156 (restricción de libertad agravada); Art. 157 (se-cuestro) y Art. 158 (secuestro agravado); Art. 171 (violación de comunicaciones personales), Art. 172 (alteración y uso de datos personales en archivos), Art. 173 (revelación de comunicaciones y datos personales), Art. 174 (protección a *504 personas jurídicas) y Art. 175 (delito agravado); Art. 181 (apropiación ilegal) y Art. 182 (apropiación ilegal agrava-da); Art. 189 (robo) y Art. 190 (robo agravado); Art. 198 (daños) y 199 (daño agravado); Art. 230 (incendio) y Art. 231 (incendio agravado); Art. 236 (contaminación ambien-tal) y Art. 237 (contaminación ambiental agravada); Art. 269 (perjurio) y Art. 270 (perjurio agravado).
Asimismo, el Tribunal hace un esfuerzo legítimo y loa-ble en lo relativo a la aplicación retroactiva de la norma constitucional que se pauta. En particular, la Opinión del Tribunal, pág. 492, indica que como la norma que se esta-blece es “de carácter constitucional”, aplica a todos los ca-sos que no sean finales y firmes. Ello es cónsono con nues-tros precedentes al respecto. Véase Pueblo v. Thompson Faberllé, 180 D.P.R. 497 (2010). De igual manera, la Opi-nión del Tribunal, pág. 493, expresa que en los casos que se encuentran en la etapa apelativa, “el convicto tendrá que demostrar que el juez de instancia abusó de su discreción al someter los agravantes al Jurado en una etapa inoportuna”. En cuanto a los casos en que comenzó el juicio por jurado, la Opinión del Tribunal, págs. 493, establece que le “corresponderá al juez a cargo de los procedimientos, a requerimiento de la defensa, tomar las medidas que sean necesarias y viables en esa etapa, para evitar el perjuicio indebido al que hacemos referencia en esta opinión”. Todo eso es razonable.
Sin embargo, la Opinión del Tribunal pasa por alto que la norma que hoy se inaugura no le confiere discreción al ministerio público para que presente en una sola acusación los elementos del delito y los agravantes. Así, como es hasta el momento la práctica forense, todos los casos penales so-metidos ante nuestra jurisdicción cuentan con una sola acusación que contiene los elementos del delito y los agravantes. Entonces, si la presentación de dos acusacio-nes, una que recoja los elementos del delito y otra que recoja los agravantes, es un imperativo del debido proceso de ley, *505 ¿cómo se explica que esa norma no se aplique en los casos penales que se encuentran en etapa apelativa y en aquellos en que el juicio por jurado comenzó ? ¿No es ello contrario a nuestros precedentes? Véanse: Pueblo v. Thompson Faberllé, supra; Pueblo v. González Cardona, 153 D.P.R. 765 (2001).
Lo que ocurre es que la Opinión del Tribunal es cons-ciente de las repercusiones que conlleva aplicar la nueva norma constitucional a los casos penales en nuestra juris-dicción que se encuentran en etapa apelativa o aquellos en que el juicio por jurado comenzó. Sin lugar a dudas, se crearía un caos institucional y aumentarían considerable-mente las mociones de nuevo juicio. De esa forma, se tras-tocaría la marcha ordenada de los trabajos en esta Rama Judicial sin que haya una razón constitucional que en rea-lidad nos fuerce a resolver como se hace hoy.
III
A modo de epílogo, expreso con mucha candidez que la solución que brinda la Opinión del Tribunal se puede cata-logar como un proyecto de ley que enmienda las Reglas de Procedimiento Criminal. Sin embargo, es algo mucho peor. Adviértase que como la Opinión del Tribunal resuelve la controversia al amparo de nuestra Constitución, supra, eli-mina la posibilidad de que la Asamblea Legislativa dis-crepe de la postura de la Opinión del Tribunal y presente legislación para atenderla.
Asimismo, me preocupa intensamente la nueva tenden-cia de una mayoría de los miembros de este Foro de extender peligrosamente la difusa cláusula constitucional del debido proceso de ley y paralizar cualquier iniciativa legis-lativa dirigida a agilizar el proceso penal. La “abstracción apocalíptica” de la que hablamos hace décadas en Domínguez Talavera v. Tribunal Superior, supra, pág. 428, se ha esparcido ahora en nuestro sistema de justicia de lo crimi *506 nal como las plagas que se mencionan en el Apocalipsis. Véase, por ejemplo, Pueblo v. Vélez Rodríguez, supra. Sin duda, este Tribunal tiene el deber de proteger los derechos constitucionales de todos. Cuando el Estado viola esos de-rechos, no he vacilado para exigir que se cumplan. Véanse, e.g.: Pueblo v. Ayala García, 186 D.P.R. 196 (2012); Pueblo v. Serrano Reyes, 176 D.P.R. 437 (2009). Sin embargo, ante el problema de delincuencia que sufre Puerto Rico, hace-mos un pobre servicio cuando atamos las manos de las agencias de ley y orden en su lucha contra el crimen me-diante la creación de derechos constitucionales que no existen.
De esa forma, cuando este Foro hace abstracción total de la realidad cotidiana del Puerto Rico del siglo XXI con-vierte “la factura más ancha en la factura más costosa ja-más pagada por el Pueblo de Puerto Rico”. (Énfasis suprimido). RDT Const. Corp. v. Contralor I, 141 D.P.R. 424, 469 (1996) (Opinión concurrente del Juez Asociado Se-ñor Negrón García). Esa tendencia activista de este Tribunal en casos penales es peligrosa para nuestra sociedad y detrimental para el sistema de democracia representativa que todos aspiramos para Puerto Rico. Rehúso enmendar la ley o la Constitución desde el estrado. Eso no está dentro de mis funciones.
IV
Por los fundamentos que anteceden, disiento con res-peto de la decisión de este Tribunal de ordenar al Ministe-rio Público que someta un pliego que incluya los elementos del delito y otro que contenga las circunstancias agravantes. Por el contrario, confirmaría la decisión del Tribunal de Apelaciones en los casos CC-2010-583 y CC-2010-749 y revocaría la decisión de ese foro en el caso CC-2011-3 73 por entender que el Ministerio Fiscal actuó acertadamente.

 La cita original en inglés es la siguiente: “(a) whether limiting instructions to jury would be effective; (b) whether party desires to introduce evidence solely for sentencing purposes but not on merits; (c) whether evidence would be admissible on sentencing but would not be admissible on merits or vice versa; (d) whether either *498 party can demonstrate unfair prejudice or disadvantage by bifurcation; (e) whether a unitary trial would cause parties to forego introducing relevant evidence for sentencing purposes; and (f) whether bifurcation unreasonably would lengthen the trial”. State v. Berry, 227 W.Va. 221, 226 (2011).